## GRIFFIN v. THE STATE.

1. CRIMINAL LAW: *Liability of sheriff for permitting prisoner to go at large.*
It is the duty of a sheriff, upon the conviction of a defendant for a misdemeanor who is present at the trial, to retain him in his custody; and if the fine and cost be not immediately paid, to hire him out as directed by the judgment, and if he voluntarily permit him to go at large, he is guilty of a misdemeanor.

2. EVIDENCE: *Record, only prima facie evidence as against strangers.*
In a prosecution against a sheriff for permitting one convicted of a misdemeanor to go at large, the record of the judgment of conviction, is only *prima facie* evidence of its recitals and may be disproved.

APPEAL from *Conway* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*Ratcliff & Fletcher,* for appellant:

The indictment does not show by what authority Burns was in custody. 1 *Bish. Cr. Pr., Sec.* 593; *Bass* v. *State,* 29 *Ark.,* 148; *Martin* v. *State,* 32 *Ark.,* 124, and cases cited. 2 *Bishop Cr. Pr.,* 943, *note* 1, *p.* 945. Nothing is to be left to intendment or implication in an indictment. *State* v. *Eldridge,* 12 *Ark.,* 610; *State* v. *Hand,* 6 *Ark.,* 165. It does not allege that the judgment of conviction directed that Burns be imprisoned until fine and costs be paid, nor that any process had issued thereon—imprisonment until so paid is discretionary with court. *Gantt's Digest, sec.* 1991, 2007.

Court erred in excluding testimony offered by appellant. He was not a party to the prosecution, nor privy thereto, and the recital in the record not binding on him. *Freeman on Judgments, Secs.* 159–162, *et seq.,* 318–319; *State use, etc.,* v. *Martin,* 20 *Ark.,* 629; *Thomas, et al.,* v. *Hinkle,* 35 *Ark.,* 450.

The mere conviction of Burns did not place him in custody ; there must have been an *actual arrest and custody*, no constructive custody is sufficient. 2 *Bish. Cr. L.* (6*th Ed.*), *Secs.* 1093–4–5 ; *Roscoe Cr. Ev.*, 458–9–60 ; 2 *Bish. Cr. Pr.*, *Secs.* 943–5 ; *Bass* v. *State*, 29 *Ark.*, 142 ; *Martin* v. *State*, 32 *Ib.*, 124 ; 1 *Rees on Cr.*, 422–3 ; *Bishop, Cr. Pr.*, *Sec.* 889–891–894.

A voluntary escape is an *act done by design or intentention in violation of duty, malo animo*, with an intent to defeat the progress of justice. *Roscoe, Cr. Ev.*, 459 (6*th Ed., p.* 423) ; 2 *Bishop, Cr. L.*, (6*th Ed.*), 1093–4–5 ; *Ib.* (4*th Ed.*), *Sec.* 1054–5.

Burns was *on bail*, and not in custody of the sheriff. *Crocker on Sheriffs, Sec.* 132 ; 2 *Hill*, 218 ; *Gantt's Digest, Sec.* 1739 ; *Redmond* v. *State*, 28 *Ind.*, 205.

*C. B. Moore, Attorney-General*, for the State :

The indictment follows the language of the Statute and is "direct," "certain" and "sufficient." *Secs.* 1780–1–2, *Gantt's Dig.* ; *Leeman* v. *State*, 19 *Ark.*, 171 ; *State* v. *Collins, Ib.*, 587 ; *Medlock* v. *State*, 18 *Ib.*, 363. Appellant knew what he was called upon to answer. *Anderson* v. *State*, 5 *Ark.*, 445. The indictment is not for *an escape*, but for permitting Burns to go at large after conviction, and the evidence offered by appellant was *immaterial* and *irrevelant*.

Burns was convicted of a *misdemeanor*, and was constructively "in court," if not personally present. This was sufficient. Bentley's evidence was *hearsay*.

Argued upon the evidence, instructions and transcript.

ENGLISH, C. J. Appellant, George W. Griffin, was indicted in the Circuit Court of Conway county, for malfeasance in office, the indictment charging in substance :

" That said George W. Griffin, on the tenth day of April, 1881, in the county aforesaid, being then the sheriff of said county, and having the lawful custody of one Bud Burns, who had been convicted in the Circuit Court within and for said county, at the March term, 1881, of said court, of the crime of Sabbath breaking, and adjudged to pay a fine of ten dollars, with cost of prosecution, and which said fine and cost on said tenth day of April, 1881, remained unpaid, unlawfully did voluntarily permit the said Bud Burns to go at large, contrary to the Statute," etc.

Appellant demurred to the indictment and the demurrer was overruled, and after trial and conviction, he moved in arrest of judgment, and for a new trial, and both motions were overruled.

I.   The indictment was drawn under *section* 1487 *of Gantt's Digest,* which provides that :   " If any officer or his under officer or deputy, having the lawful custody of any prisoner, for any cause whatever, shall voluntarily suffer or permit, or connive at the escape of such prisoner from his custody, or permit him to go at large, he shall upon conviction, be punished in the same manner, as if convicted of aiding or assisting such prisoner to escape."   See for punishment, *Ib.*, *Section* 1481.

The objections taken to the indictment in the demurrer were :

*First.*   That it did not state by what authority Burns was in custody of defendant.

*Second.*   That it did not state that Burns was in custody of defendant by virtue of the conviction mentioned in the indictment, and

*Third.*   That it did not set forth facts sufficient to constitute a public offense.

It is not directly alleged that Burns was in custody of appellant, as sheriff, under and by virtue of the judgment of

conviction for Sabbath-breaking, but such was doubtless the intention of the indictment, and it substantially advised him of the nature of the offense charged against him.

II.    The bill of exceptions shows that, upon the trial, the State was permitted, against the objection of appellant, to read in evidence the indictment against Bud Burns for Sabbath-breaking, and the record entry of the trial, and judgment thereon as follows :·

"IN THE CONWAY CIRCUIT COURT,  }
         *Tuesday, March* 29, 1881.

STATE OF ARKANSAS,  }
        v.
    BUD BURNS.

On this day comes the State by her attorney, and the defendant, Bud Burns, in his own proper person, and by his attorney, and enters his plea of not guilty, and both parties announcing themselves ready for trial, come the following twelve jurors of the regular panel, to try the issue joined, to-wit : W. F. Stover, etc., who were examined on oath, found qualified and were selected and accepted, impanneled and sworn, according to law, etc., and the evidence being adduced, the instructions of the Court given, and the arguments of counsel had, the jury retired to consider of their verdict, and afterwards returned into Court here the following verdict :   'We, the jury, find the defendant guilty as charged, and assess his punishment at a fine of ten dollars,' etc.   It is therefore considered and ordered that the plaintiff do have and recover of and from the defendant, the sum of ten dollars, together with all the costs in this behalf expended ; and it is further ordered, that unless said fine and costs are immediately paid, the sheriff is ordered to hire out the said defendant, according to law, for any sum not to exceed one day for every seventy-five cents of said fine and costs."

The objection to the introduction of the indictment, and the record entry of the trial and judgment, was general, and we see no good reason why they should not have been admitted.

A clerk, skilled in entries, would have added the words " by the Court," after the word " considered," in the judgment entry. But the omission must be regarded as matter of form, and not of substance. Ware et al. v. Pennington et al., 15 Ark., 226.

So much of the judgment as ordered the sheriff to hire out Burns for the payment of the fine and costs, if they were not immediately paid, at not exceeeding one day for each seventy-five cents thereof, followed the last clause of Section IV, of the Act of March 10, 1877. Acts of 1877, p. 74.

The Act of March 22, 1881, (Acts of 1881, p. 148,) which provides that if any person, convicted of a misdemeanor in the Circuit Court, etc., shall fail to pay immediately, or secure to be paid within thirty days, to the satisfaction of the sheriff, etc., the fine and costs, such person shall be committed to the county jail, and by the jailor delivered to the contractor, who shall keep and work him at the rate of twenty-five cents per day, etc., though passed before the judgment against Burns was entered, manifestly applies to counties in which the County Courts have contracted for the keeping and working of persons committed for fines and costs.

It must be presumed that no such contract had been made in Conway County, at the time Burns was sentenced, as the Court, in rendering the judgment against him, followed the Act of March 10, 1877, instead of the Act of March 22, 1881.

Sheriff guilty of misdemeanor if he permit prisoner to go at large.

If Burns was present in Court at the trial, as recited in the judgment entry, it was the duty of appellant, as sheriff, to retain him in custody, and if the fine and costs were not. immediately paid, to hire him out, as directed by the judgment; and if he voluntarily permitted him to go at large, he was guilty of an offense, under the statute above copied.

III. It was, in substance, proved on the trial, that Burns did not pay the fine and costs, that appellant, as sheriff, did not take him into custody, or restrain him of his liberty, or hire him out for the fine and costs; that he resided in Conway County, and went at large, attending to his business, etc.

Appellant offered to prove by Burns, who was examined as a witness, that he was not present at Court, at the time he was tried under the indictment for Sabbath-breaking, but was eleven miles away from Lewisburg, where the Court was held; which evidence the Court excluded, and this ruling of the Court, which was excepted to by appellant, was made ground of the motion for a new trial.

The statute provides that if the indictment is for a misdemeanor, the trial may be had in the absence of defendant, ( *Gantt's Digest, Sec.* 1888,) and no doubt the Court has the discretion to permit the trial in his absence; but as a practice, it is not to be commended.

3. EVIDENCE: Record only prima facie, as against stranger.

The judgment entry recites that Burns was present in person at the trial, and the record was *prima facie* evidence of that fact; but appellant not being a party to the record, was not estopped thereby from disproving the fact so recited. *Snyder* v. *Greathouse et al.,* 16 *Ark.,* 72: *Bone as Admr.* v. *Torry, Ib.* 83; *Chipman* v. *Fambo, Ib.* 291; *Thomas et al.* v. *Hinkle,* 35 *Ib.* 453.

The State introduced no evidence but the judgment, to prove that Burns was in custody of appellant, as sheriff. If appellant had been permitted to prove, as he offered to

do, that Burns was not in fact present at the trial, it would have followed that the entry of the judgment, and the order that he be hired out for the fine and costs, if not immediately paid, would not have placed him in custody of appellant; and the State would have been obliged to go further, and prove that Burns was in custody of appellant, under execution issued upon the judgment, or surrender by bail, and afterwards voluntarily permitted him to go at large. *Redman* v. *The State*, 28 *Ind.*, 213.

For the error of the Court, in excluding the evidence offered by appellant, as above shown, the judgment must be reversed, and the cause remanded to the Court below for a new trial.