BRIDGES v. THE STATE.

1. CRIMINAL PRACTICE: *Trial in absence of defendant; Discretion of Circuit Court.*

It is within the discretion of the Circuit Court to refuse a trial of a misdemeanor in the defendant's absence, and in matters of discretion there is no review in this court except in cases of abuse.

2. APPEAL: *Final judgment; what is not.*

An order of the Circuit Court refusing to try a defendant in his absence, and directing an *alias capias* to issue for him, and a summons for his sureties in his bail bond, returnable to the next term, is no final judgment, and an appeal from it will be dismissed at the appellant's cost.

APPEAL from *Franklin* Circuit Court.

Hon. W. D. JACKOWAY, Circuit Judge.

*C. B. Moore,* Attorney-General for appellee.

Defendant was out on bail bond, conditioned as prescribed by *sec.* 1723 *Gantt's Dig.,* and failed to appear at any time in person.

*Sec.* 1888 *Ib.,* provides that the " *trial* " may be had in the absence of defendant, but no valid judgment (criminal) can be rendered against one who at no time has been personally present. Had defendant entered his appearance and plea, as required by his bond, then the trial may have proceeded under said section. There is no such thing known to the criminal code as a *judgment by default.* The action is personal and the court must have jurisdiction over the *person* to render a *proper* judgment.

ENGLISH, C. J. At the November term, 1880, of the Circuit Court of Franklin county, S. S. Bridges was indicted for selling liquor to a minor. A capias was issued to the

sheriff of Johnson county, who arrested defendant and delivered him into the custody of the sheriff of Franklin, and he released him on his executing a bail bond with sureties, for his appearance at the next term thereafter.

At the appearance term, the case was called for trial, and the defendant failed to appear. His attorneys asked to be allowed to enter a plea of not guilty for him, and that he be tried in his absence. This the court declined to permit, and directed the fact of his failure to appear to be entered on the minutes; ordered an alias capias for defendant, and a summons upon the forfeiture to his sureties in the bail-bond returnable to the next term.

From this order and before any final judgment in the case, or upon the forfeiture, defendant's attorneys prayed in his name, and there was granted an appeal to this court.

Where the indictment is for a misdemeanor, the Statute provides that the trial may be had in the absence of the defendant. (*Gantt's Dig.*, *sec.* 1888,) and it was said in *Griffin* v. *The State*, 37 *Ark.*, 442, that no doubt the court had the discretion to permit the trial in his absence, but as a practice it was not to be commended.

The court below, in the exercise of its discretion, declined to permit appellant to be tried in his absence, and in matters of discretion, there is no review on appeal except in cases of abuse.

There was, however, no final judgment from which an appeal would lie, and the appeal must be dismissed at appellant's costs.