## MARTIN vs. THE STATE.

1. **ATTORNEY:** *His consent to try defendant in his absence.*
   An attorney's consent to try his client for a misdemeanor in his absence, will be presumed to be by authority of the client in the absence of proof to the contrary.

2. **CRIMINAL PRACTICE:** *Trial in absence of defendant.*
   The Circuit Court should not permit a defendant to be tried in his absence, even with his consent, where the punishment may be imprisonment; but if it does so and there is a verdict for imprisonment as part of his punishment, he cannot, after consenting, complain of it.

APPEAL from *Garland* Circuit Court.

F. T. VAUGHAN Circuit Judge [on exchange of Circuits].

*W. N. Morphy* for Appellant.

It was the duty of the State to require defendant's presence in Court while trying the cause. *Griffin v. State,* 37 *Ark.,* 437; *Owen v. State,* 38 *Ark.,* 512; *Sec.* 1888, *Gantt's Dig.; Sec.* 10, *Bill of Rights;* 1 *Bishop, Cr. Pro., sec.* 268, *and notes.*

*C. B. Moore,* Att'y. Gen'l., for the State.

ENGLISH, C. J. In December, 1882, J. T. Martin was charged before a Justice of the Peace with the offense of seting up and exhibiting a certain gaming table or gambling device, &c. He pleaded not guilty, was convicted, fined $100, appealed to the Circuit Court, and gave a supersedeas bond,

Martin v. The State.

At the following Febiuary term of the Circuit Court, defendant was tried in his absence, by consent of his counsel and the prosecuting attorney, found guilty by the jury, and his punishment fixed at $300 fine, and imprisonment in the county jail for ninety days. Judgment was entered upon the verdict, and a bench warrant ordered for his arrest, &c.

Afterwards, his counsel moved to set aside so much of the verdict as imposed imprisonment, because defendant was not present at the trial, and so much of the verdict was improper. The Court overruled the motion, and defendant excepted, and appealed to this Court, executing a supersedeas bond.

No attempt was made in the Court below to show that the appellant's counsel was unauthorized to consent to his trial in his absence, and in the absence of such showing, it must be presumed he had such authority.

1. Attorney: His authority.

It is submitted for appellant that it was the duty of the State to require his presence in Court at the trial. That is to say, his counsel assuming to have authority to do so, consented in the Court below for him to be tried in his absence, and now submits here that the Court erred in permitting him to be so tried, and should have required his presence.

2. Criminal Practice: Trial in absence of defendant

In felonies, the defendant must be present during the trial. If the indictment is for a misdemeanor, the trial may be had in his absence. *Gantt's Dig.*, sec. 1887-8. But this must be by his consent, for he has the right to be confronted with his witnesses, unless he waives this right. *Owen v. State*, 38 *Ark.*, 512.

It is upon *Owen v. State* that counsel for appellant relies for a modification of the verdict and judgment.

In that case Owen was convicted for malicious mischief before a Justice of the Peace, and appealed to the Circuit Court, and when the case was there finally called for trial he was absent. The State demanded his presence, his attorney

offered to proceed to trial in his absence, which the Court declined to permit, and dismissed his appeal for want of prosecution, and on appeal to this Court, the judgment was affirmed, on the ground that it was in the discretion of the trial Judge to permit, or refuse to allow the trial to proceed in the absence of the accused, in a misdemeanor, but where the punishment might be imprisonment, the Court should require his presence in order that, if convicted, he might be placed in confinement.

The offense for which appellant Martin was indicted, is punishable by fine, and the accused may be imprisoned, and the Court below should have required his presence at the trial, in order that if found guilty, and the verdict be for imprisonment as well as fine, he might be placed in confinement. But the Court permitted the trial to proceed in his absence, by consent of his counsel and that of the attorney for the State. This was an error which might have been prejudicial to the State, not to the accused; but the Court on the return of the verdict repaired the error by ordering the accused arrested and imprisoned, &c.

No motion for a new trial, nor in arrest of judgment was made. Counsel for appellant moved to split the verdict by setting aside so much of it as imposed imprisonment, which would be a novel practice.

Affirmed.