HENDERSON v. TOWN OF MURFREESBORO.

Opinion delivered July 12, 1915.

1. APPEAL AND ERROR—MOTION FOR NEW TRIAL—ABSENCE OF MOTION FROM BILL OF EXCEPTIONS.—Where a motion for a new trial appears in the transcript, but not in the bill of exceptions, it will be presumed on appeal that the trial court was right in overruling the motion.

2. CRIMINAL LAW—MISDEMEANOR—ABSENCE OF ACCUSED—RIGHT OF STATE TO PROCEED.—In a prosecution, where the offense charged is punishable by fine only, where the defendant voluntarily absents him-

self, the State may demand a trial notwithstanding his absence, and no constitutional right of the defendant is violated thereby.

3. TRIAL—INVOLUNTARY ABSENCE OF LITIGANT.—The trial court may not, in any case, force a trial where one of the litigating parties is involuntarily absent.

Appeal from Pike Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*W. S. Coblentz,* for appellant.

In view of the distance appellant lived from the place of trial and the proof of his illness submitted with the motion, it was an abuse of discretion to refuse a continuance, and to force the case into trial in the appellant's absence. 42 Ark. 273; 38 Ark. 512.

Intent is an essential element of this offense. An intent to eject, rather than to assault, was a valid defense, and no one could know so well as the appellant, what his intent was in taking hold of the prosecuting witness. 2 Ruling Case Law, § 37, p. 559. And the court erred in refusing to instruct the jury on the question of the right of the owner, to eject an offending trespasser who had been requested to leave. *Id.* § § 36, 37.

No brief filed for appellee.

McCULLOCH, C. J. This is a prosecution for violation of an ordinance of an incorporated town for the offense of assault and battery, and the defendant, Austin Henderson, was convicted in the circuit court on appeal from the court of the mayor, and his punishment fixed at a fine of one dollar. He appeals to this court.

Defendant was a merchant in the town of Murfreesboro, and is accused of committing the crime of assault and battery upon the person of Cornelius Walker, a colored woman, while she was in defendant's store. The evidence adduced by the prosecution tends to show that the defendant, without any provocation, took the woman by the collar, choked her and used a vulgar and profane epithet toward her. The testimony adduced by the defendant tends to show that the woman was the aggressor and was disposed to make trouble in the store, and

that he merely told her to go on out and finally took hold of her because she grew so abusive.

(1) The defendant was not present in person, but by counsel, and filed a motion for continuance on the ground that the defendant was sick at his home and could not attend the trial. The motion is found in the transcript, but not in the bill of exceptions, and we can not consider it on its merits and must indulge the presumption that the court was right in overruling the motion. The defendant was entitled to be present at the trial if he so desired, but the court may have found that the statements of the motion concerning the illness of the defendant were without foundation, and that the defendant had voluntarily absented himself and declined to come to court.

This brings us to the question whether or not the court had the power to try the defendant in his absence in a case in which the charge was punishable by fine only.

In the case of *Owen* v. *State,* 38 Ark. 512, the defendant was charged with the offense of malicious mischief, which is punishable by both fine and imprisonment. The defendant was not present at the trial, and the State demanded his presence and refused to go to trial without him. Thereupon the counsel for defendant offered to proceed to trial in his absence, but the court declined to permit that to be done, and dismissed the appeal for want of prosecution. In disposing of the case, this court said: "The statute provides that if the indictment be for a misdemeanor, the trial may be had in the absence of defendant, but that must be understood to apply to cases in which the accused consents to waive the right to be present."

In the recent case of *Cox* v. *City of Jonesboro,* 112 Ark. 96, being a trial for misdemeanor punishable by fine and imprisonment we held that defendant had waived his right to be present by absenting himself after the trial began, but incidentally referred with approval to the statement in the Owen case, *supra.*

The statutes of this State provide that the trial of a misdemeanor may be had in the absence of the defendant. Kirby's Digest, § 2340. It was not necessary to decide either in the Owen case or the Cox case, *supra,* that the State could not demand a trial of a misdemeanor in the voluntary absence of the defendant, but the language in those two opinions seems to lay that down as the law. The majority of the judges are unwilling to disapprove the language of those opinions, but distinguish the present case from them in that there is no punishment by imprisonment for the offense charged in this case. There is an important distinction. No jeopardy attached in a case tried under a charge merely involving punishment by fine. The court may in such cases take the case away from the jury by peremptory instruction where the evidence of the guilt of the accused is undisputed. *Stelle* v. *State,* 77 Ark. 441; *Roberts* v. *State,* 84 Ark. 564.

(2-3) It follows that in such cases, where the defendant voluntarily absents himself, the State may demand a trial notwithstanding his absence, and no constitutional right of the defendant is violated. Of course, a party to any kind of litigation, either civil or criminal, is entitled to be present at his trial whether his own testimony is important or not, and it would constitute an abuse of discretion to force a trial in the involuntary absence of one of the litigants. If, however, the litigant is absent by his own connivance or voluntary act, the court is not bound to await his pleasure but may proceed with the trial, except, as held in the cases referred to above, where he is placed in jeopardy under a charge involving punishment by confinement. We are of the opinion that since there is nothing in the record to show that the court abused its discretion in refusing to continue the case, there is nothing left except the bare question of the court's power to proceed in the defendant's absence.

It is insisted that the court erred in refusing to give an instruction submitting the right of the defendant to eject an intruder from his store. We do not think the testimony warranted the giving of an instruction in that

form, for there is nothing to show that the defendant took hold of the woman for the purpose of ejecting her from the premises. If he took hold of her at all, it was not, according to the evidence, for the purpose of removing her from the store, but because she had aroused his anger by disputing her account, and the disturbance she was making in the store by her conduct.

Judgment affirmed.

WOOD, J., (dissenting). The appellant contends that the court erred in trying him in his absence, and this is one of the grounds of his motion for a new trial.

Our statute provides, "If the indictment is for a misdemeanor a trial may be had in the absence of the defendant." Kirby's Digest, § 2340. In *Griffin* v. *State,* 37 Ark. 437-442, construing this statute, we said: "No doubt the court has the discretion to permit the trial in his absence; but, as a practice, it is not to be commended." This was said concerning a case that was tried in the absence of a defendant who was charged with the crime of Sabbath breaking and the punishment for which was only by fine, and not imprisonment. The record does not show whether the defendant waived his presence at the trial or not.

· Again, in *Bridges* v. *State,* 38 Ark. 510, the defendant was tried in his absence on a charge of selling liquor to a minor. In that case his attorneys entered a plea of not guilty for him and requested that he be tried in his absence. The court declined to try him in his absence and took a forfeiture on his bond, and upon appeal from this order the court, again passing on this statute, reiterated the language used in *Griffin* v. *State, supra,* and held that the court did not abuse its discretion in refusing to permit the defendant to be tried in his absence.

In *Owen* v. *State,* 38 Ark. 512, Owen was charged, tried and convicted for the offense of malicious mischief before a justice of the peace. He appealed to the circuit court and on the date the case was set for trial in the circuit court Owen was absent. The State demanded his presence. His attorney offered to proceed to trial in his

absence, which the court declined to permit and dismissed the appeal, and from that order he appealed to this court. Again, passing upon this statute, upon the facts as above stated, we said: "The statute provides that if the indictment be for a misdemeanor the trial may be had in the absence of the defendant, but that must be understood to apply to cases in which the accused consents to waive the right to be present." And we again repeated what was said in *Griffin* v. *State* and *Bridges* v. *State, supra;* and, continuing, said: "The offense with which the appellant was charged is punishable by fine or imprisonment, or both, and the court should not, in the exercise of its discretion, permit a trial in the absence of the accused when the verdict and judgment may be for imprisonment. He should be present to be placed in confinement if convicted."

In *Martin* v. *State,* 40 Ark. 364, Martin was tried by consent of his counsel in his absence, and was found guilty and his punishment fixed at fine and imprisonment. The absence of the defendant during his trial was assigned as reversible error. The court said: "In felonies, the defendant must be present during the trial. If the indictment is for a misdemeanor, the trial may be had in his absence. But this must be by his consent, for he has the right to be confronted with his witnesses, unless he waives this right." Citing *Owen* v. *State, supra.* Continuing, the court said: "The offense for which appellant Martin was indicted is punishable by fine, and the accused may be imprisoned, and the court below should have required his presence at the trial, in order that if found guilty, and the verdict be for imprisonment as well as fine, he might be placed in confinement. But the court permitted the trial to proceed in his absence, by consent of his counsel and that of the attorney for the State. This was an error which might have been prejudicial to the State, not to the accused."

In the recent case of *Cox* v. *City of Jonesboro,* 112 Ark. 96, we said: "The trial of a misdemeanor may be had in the absence of the defendant. Kirby's Digest,

§ 2340. But the State can not demand a trial in the absence of the defendant." Citing *Owen* v. *State, supra.*

Though the opinion does not disclose, the above language was used in a case where the appellant had been tried and convicted for a misdemeanor, a part of the punishment for which might be imprisonment.

It thus appears that in none of the cases above cited has the court decided the exact question now presented, which is, can a defendant charged with a misdemeanor be tried in his absence without his consent and over his protest where the punishment for the offense charged, in case of conviction can only be by fine?

The above cases show clearly the trend of our decisions and what the court would have decided had the present issue been presented. For it will be noted that this court, in the above cases, has stated that the practice of allowing misdemeanor cases to be tried in the absence of the defendant, even where he consents or where he expressly requests it, "is not to be commended." And in three of the cases above the court has stated, in effect, that the statute prescribing that trials may be had in the absence of the defendant, must be understood to apply to cases in which the accused consents to waive the right to be present; that the State can not demand a trial in his absence. While this holding was in cases where the punishment for the misdemeanor, in case of conviction, might have been by fine or imprisonment, or both, and while the language used in those cases in reference to the above statute was in a sense therefore *obiter dictum,* nevertheless it shows what was in the mind of the judges and the trend of our decisions.

The statute must be construed, as stated in some of the above opinions, to apply to cases in which the accused consents to waive the right to be present. The statute must be construed as having been enacted for the benefit of the accused and not for the benefit of the State, for otherwise it would be in conflict with the bill of rights, which provides that, "In all criminal prosecutions the

accused shall enjoy the right to * * * be confronted with the witnesses against him.'' Const. of Ark., art. 2, § 10.

If the State could demand a trial in his absence and over his protest, then this would deprive him of his constitutional right to be confronted by the witnesses against him. Being for his benefit, in cases of misdemeanor where there is no imprisonment as a part of the punishment he may waive the right to be present, and in such cases the trial court may exercise its discretion to allow the trial to proceed in his absence. But even where he consents, as is shown by the above cases, it is still a matter resting within the sound discretion of the court and it can not be demanded by the State as a matter of right.

Now the record shows affirmatively that the defendant was absent in person, and that his attorneys were insisting that the cause be continued. There is no evidence in this record to warrant the conclusion that the defendant was voluntarily absent or that he was absent by connivance. Every presumption must be indulged in favor of innocence until the contrary is proved. In the absence of proof to the contrary, the presumption will be indulged that the court did not abuse its discretion in overruling appellant's motion for a continuance. But that is altogether a different proposition from indulging the presumption that the defendant was absent voluntarily or by connivance. No such presumption can be indulged. If such was the fact, it should have been established by evidence. The record shows that the appellant being absent in person through his attorneys, was demanding a continuance of his cause. In the absence of a statement in the record to the effect that the appellant waived his presence or consented to a trial in his absence, and with no evidence in the record to warrant a finding that appellant was absent voluntarily or by connivance, the court had no power to try him. In doing so, it deprived him of a right which every accused person under our Constitution enjoys and which the Legislature could not take from him. The court having concluded

that appellant's motion for continuance was not suffi-
cient, instead of forcing him to trial over his protest,
should have dismissed his appeal or declared his bond
forfeited. Such we understand to be the purport of our
former decisions, and such is the law.

Mr. Justice SMITH concurs in the dissent.