BERRY *v.* SIMS.

4-4884

Opinion delivered January 10, 1938.

Irvin M. Brewer, for appellant.

J. G. Williamson, Adrian Williamson, Lamar Williamson, J. W. Kimbro, H. L. Veazey, Russell J. Baxter, W. F. Norrell, for appellee.

BAKER, J. This appeal is productive of a certain degree of embarrassment for the court for two reasons. (1) It is a controversy between two members of the bar involving criticisms of the propriety of certain conduct rather than legal rights freed of personalities. (2) Appellant's abstract and brief present the conclusions of the writer instead of direct statements from the record and there are interpolations and comments therein by the writer which serve only to add to a marked degree of confusion already present.

Berry and Sims formed a partnership in October, 1929, for the practice of law and accountancy in Little Rock. There is a dispute concerning provisions of the agreement between them. Berry alleges that Sims was to have the first $50 of profits each month, while Sims contends the amount was $75. Berry claims the partnership business was never settled, and sued for an accounting and for a dissolution. Sims denied these allegations and asserted a settlement of all partnership affairs, and that, thereafter, he left Little Rock and opened an office in Monticello, Drew county.

According to appellant's abstract and brief he has filed in the Drew chancery court three separate successive suits against the appellee and it is from a final decree dismissing the last of these that he appeals.

The matters for consideration here will be better understood if stated in the order of their occurrence, and without regard to their relative importance.

Appellant filed his first suit on May 8, 1933. Defendant filed answer thereto on June 12, 1933. After the issues were thus joined, the cause stood on the docket until December 11, 1933, without any affirmative step having been taken by either party. Plaintiff did not make ready his case for trial. On December 11, 1933, the court dismissed this suit for want of prosecution. It is urged now that this was a final judgment; that all later actions were *res judicata*. In the subsequent proceedings the appellee did not plead this as a final judgment and conclusion under the rule of *res judicata,* but all parties seemed to have proceeded upon the theory that this dismissal was in the nature of a nonsuit.

Thereafter on June 20, 1934, the appellant filed a new complaint. The answer was filed on September 1, 1934, making up the issues. In this second suit certain interrogatories were attached to the complaint with the request that they be answered by the defendant. Defendant did not answer these interrogatories, and it appears that, upon an oral motion for an order requiring defendant to answer the interrogatories, the court heard certain testimony and denied the request of the plaintiff, appellant here. What these interrogatories were and what the evidence presented thereon was are not matters presented for our consideration and we must, and do, presume that the ruling of the court was correct in regard thereto. This is not, however, a vital question necessary for consideration upon this appeal, though appellant complains in that respect.

Thereafter, in open court, on December 10, 1934, an order was made to take depositions in the case for the reason that there was no court stenographer. Plaintiff should have proceeded in due course to take his proof. He knew that this order providing for the presentation of evidence by deposition fixed no time within which this proof should be taken. Since there was no order of the court fixing the time for the taking of the proof the law determined that question for the parties.

Section 4206, Crawford & Moses' Digest, now §
5218 of Pope's Digest, provides that when no time is
fixed by the court, the depositions in chief of the party
having the burden shall be completed within forty days
after issue joined, those of the opposing party within
thirty days thereafter, and depositions in rebuttal by
either party within twenty days thereafter. That sec-
tion also provides that willful or negligent failure to take
proof within the time fixed by the court, or law, may
be, in the sound discretion of the court, punished by the
quashing of depositions taken out of time; provided,
that in the absence of objection, or for good cause shown,
the court may permit such depositions to be read, or
may extend the time for taking same, the rights of the
opposing party being at the same time protected by ap-
propriate orders.

Plaintiff, however, did not take his proof as required
by law. After the expiration of the forty days time,
however, plaintiff served notice that he would take depo-
sitions on January 28, 1935. He did not do that, and
urges now, as an excuse, that the defendant, appellee
here, did not appear at the time and place of the taking
of the depositions.

After plaintiff had given due notice of his intention
to take depositions he had a right to proceed. The de-
fendant could not be required to attend. He was privi-
leged to exercise his own discretion in that respect. There
was no agreement about the taking of depositions, nor
about the time of trial.

Thereafter, purported depositions of plaintiff and
one witness were filed with the clerk of the court on June
25, 1935, fifteen days after a decree had been rendered
by the court on June 10, and at a time when plaintiff,
who had the burden of procedure upon him at all times,
had negligently refused, or at least failed to be present.
The depositions so taken without notice and out of time
were without the statutory caption and certificates and
might properly have been suppressed if filed prior to
June 10, 1935, when the case was tried. He urges now,
as he did in regard to the order dismissing his first suit,

that this decree on June 10, 1935, because rendered without notice having been given, was a nullity.

After making this assertion as to the invalidity of the decree he cites § 6238, Crawford & Moses' Digest, now § 8194, Pope's Digest, as authority for his conclusions in that respect.

The appellant wholly misconceives the functions of the court, his own duties and obligations in regard to it in the preparation of his case when he has once invoked its jurisdiction. When he shall have set in motion the machinery of the courts, he must take notice of the convenings and adjournments thereof and no obligation in law rests upon the defendant or any one else to apprise the plaintiff of the fact that courts will convene according to law at regular terms or at special or adjourned sessions.

It is true, courts may not serve the purpose of entrapping the unwary at special or adjourned sessions. The court may cause notice to be given where it is deemed necessary to serve the purposes of justice, but plaintiffs, when once they invoke the jurisdiction of the court, must take notice of the regular or adjourned sessions thereof.

The defendant had a right to insist, when time within which to take proof had elapsed and when no proof was in fact taken, or at least, when depositions had not been filed in the office of the clerk of the court, that the trial should proceed.

The appellant urges that since the order was made to present the case upon depositions, that the defendant should not have been permitted to present any oral testimony, but appellant first violated that order by refusing to take depositions and file same. He could not by this method of procedure indefinitely delay court proceedings. Litigation may not be controlled by the whim or caprice of either one of the parties, but it lies within the sound discretion of the court to proceed regularly and within due time, and if parties have not made ready their causes of action, or defenses thereto, within the time fixed by law or order of court, the court may proceed to the dispatch of the regular order of business.

It appears that on June 10, 1935, when the case was regularly reached, defendant announced ready for trial and the appellant having failed, as above stated, to take or file any testimony, the issues were determined upon such evidence as was introduced by a decree in favor of appellee. It was not until after the rendition of this decree that the appellant filed his depositions, which appeared to have been taken at one time and thereafter been sworn to before some officer.

More than a year after the rendition of this decree, that is to say, on June 19, 1936, the appellant filed a motion to vacate and set aside the decree rendered, but this motion was never disposed of. Then on December 19, 1936, appellant filed another complaint alleging that the decree rendered on June 19, 1935, was a fraud upon him, in that he had received no notice of the pending suit and that his attorney was unaware that the case was set for trial; that the decree was obtained by fraud, trickery and chicanery. He prayed that the judgment or decree be vacated and set aside and that the case be reinstated for trial upon its merits. An answer was filed and a hearing was had June 14, 1937.

Appellant says that he announced ready for trial and offered to produce witnesses in support of the complaint, whereupon the court announced the complaint would be treated as a motion and denied the motion without hearing testimony. The decree or order of dismissal recites that there was a hearing and that upon evidence presented the court dismissed the proceeding. No evidence is brought forward by bill of exceptions or otherwise. It can make no substantial difference whether the proceeding be called a motion or complaint, provided only that it was given due consideration by the court and correctly decided. *Priest* v. *Mack,* 194 Ark. 788, 109 S. W. 2d 665; *Montague* v. *Craddock,* 128 Ark. 59, 193 S. W. 268.

Without unduly extending the consideration of this case, let it be said by this proceeding there was brought before the court the decree attacked. This proceeding was in regard to records previously made and brought

them into issue. They were good upon their face until properly impeached.

There are several reasons not considered by appellant, but urged supporting the correctness of the court's finding and order thereon. One is that this proceeding was filed long after the date it was due. Another reason is that it does not plead any fact or facts as tending to indicate any fraud, trickery, or chicanery. It presents the conclusions of the pleader without a single supporting fact in regard thereto. The appellant urged that he had no notice of this decree of June 10, 1935, until long after its rendition. To us, that is to insist upon his own negligence, upon his own default. He cannot be heard to say he did not have notice of any action taken by the court in regular term time when there was no reason or cause to believe the trial thereof might be delayed. He did not ask for it to be delayed or continued, but insists now that he accidentally learned later that some action had been taken. He may not now be heard to insist that the case should have been presented upon depositions when he wholly failed in that respect himself.

He insists that he is within the provisions and time fixed in § 1541 of Pope's Digest; that he has made his application within three years. There is no showing, however, why his application was not filed much earlier as provided by said section. The statute provides that his petition shall be filed with the clerk not later than the second term after a discovery (of grounds for a new trial) and that it shall stand for hearing at the term to which the summons is returned after executed and shall be summarily decided by the court. Since appellant is charged with knowledge of the proceedings in this case, there was no discovery.

By our statement of the case above, we have already disposed of the matter urged as within the purview of the fourth provision under § 6290, Crawford & Moses' Digest, now § 8246 of Pope's Digest. The fourth subdivision of said section is "for fraud practiced by the successful party in the obtaining of the judgment or order," but appellant now urges that the seventh sub-

division of said section is also applicable which is "for unavoidable casualty or misfortune preventing the party from appearing or defending."

No fact is pleaded, presented, or even argued on this appeal that prevented appellant from appearing at the regular term of the court and presenting his cause for trial. Practically every issue raised is covered by an express statute governing the proceedings. We have not attempted to point them all out as it does not seem proper to discuss statutes easily understood. Any reasonable effort to follow them would have avoided the whole controversy.

There was certainly no abuse of discretion on the part of the court in the determination of issues as they arose regularly at term time, nor is there any error apparent in this record.

Affirmed.