David R. PRINE v. STATE of Arkansas

CR 79-173                                          590 S.W. 2d 25

Opinion delivered December 3, 1979
(In Banc)

*Alfred J. Holland,* by: *Michael E. Todd,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The trial court affirmed the judgment of the municipal court when appellant failed to appear on the date his case was called in circuit court. The court also denied his motion to set aside its order affirming the municipal court judgment when appellant appeared at a later hour on the same date. This appeal is from rejection of his motion to set aside the affirmance of conviction in municipal court.

Appellant argues on appeal that the court erred by holding appellant had proper notice of the time and date for appearance in violation of Ark. Stat. Ann. § 22-311 (Repl.

1962) and the due process clause of the 14th Amendment to the Constitution of the United States; that it was error to affirm the municipal court judgment at a date prior to the cause being set for trial; that Ark. Stat. Ann. § 44-506 (Repl. 1977) is unconstitutional as applied; that it was error to fail to set aside the affirmance when appellant appeared before the court prior to adjournment on the date set for calling the docket; and that the court erred in refusing to allow appellant's attorney to plead for him on the misdemeanor.

All grounds argued for reversal essentially boil down to whether or not appellant had proper notice of the time and place he should appear and whether or not the court abused its discretion in affirming the judgment of the municipal court. In reviewing the record and the law in this case we agree appellant did not have proper notice.

Appellant was convicted of a misdemeanor in the Paragould Municipal Court on April 23, 1979. Notice of appeal was given and lodged in the Circuit Court of Greene County on May 7, 1979. The conditions of the appeal bond were, among other things, that appellant appear in the Greene County Circuit Court at its next criminal term. The next day of the circuit court met on May 14, 1979. A bench warrant was issued for appellant on May 9, 1979. Apparently the purpose of the warrant was to give appellant notice of his need to appear in court May 14. However, the warrant was never served on appellant. Appellant's attorney appeared on May 14 and announced ready for trial when the case was called. This date was used to sound the docket of all misdemeanor appeals and set them for trial at a time certain. The trial court refused to allow appellant's attorney to plead for him and immediately affirmed the judgment of the lower court when it was determined appellant was not present. Shortly thereafter, appellant, who lived in Jonesboro, was notified and appeared in court at 11:00 a.m., May 14, 1979. Relying upon failure to receive notice and various statutes, appellant moved to set aside the action affirming the municipal court judgment. The court overruled his motion and appellant appealed to this Court.

Ark. Stat. Ann. § 22-311 (Repl. 1962) states as follows:

When any circuit court is duly convened for a regular term, the same shall remain open for all criminal, civil, or special proceedings until its next regular term, and may be in session at any time the judge thereof may deem necessary; but no such session shall interfere with any other court to be held by the same judge. If the time has not been fixed by the court, or unless in such cases they are required by law to take notice, all interested parties, together with their attorneys, shall receive notice from the clerk of the court of any proceeding affecting their rights, and shall be given time to prepare to meet such proceedings, where the defendant or respondent has answered or otherwise plead.

It is not disputed appellant did not receive actual notice of the time and place he should appear. Therefore, unless he is required by law to take notice of the date and time the Greene County Circuit Court meets, he would have been under no obligation to report on May 14, 1979, unless ordered to do so by the court.

Ark. Stat. Ann. § 44-507 (Repl. 1977) provides if an appellant fails to appear in circuit court, on appeal from municipal court, when the case is set for trial judgment may be affirmed, unless good cause be shown to the contrary. The circuit court admittedly did not send out notices to misdemeanor appellants. The bench warrant which was issued never was served upon appellant and it was the instrument intended to give appellant notice to appear May 14. Neither does the record indicate notice was sent to appellant's attorney. The testimony reflects appellant received notice at 10:00 a.m., May 14, to appear in Greene County Circuit Court on that same date. He immediately traveled from Jonesboro to Paragould and arrived in the courtroom about 11:00 a.m. Upon his arrival he was notified that his conviction in the lower court had been affirmed.

The state recites the affidavit for appeal, issued on April 23, 1979, as notice to appellant. The affidavit simply stated appellant would appear in circuit court on the first day of the next regular term of Greene County Circuit Court. Appellant appeared in Greene County Circuit Court on May 14, 1979.

No time for convening court was given in the affidavit. The state admits prejudicial error exists which requires reversal.

Ark. Stat. Ann. § 43-2102 (Repl. 1977) provides if an accused be charged with a misdemeanor the trial may be had, at the discretion of the court, in the absence of an accused. Certainly, if a trial may be had in the absence of an accused, a plea may likewise be accepted in his absence. Although there is no instrument in the record indicating May 14 was to be used solely for the purpose of sounding the misdemeanor docket, such statement by appellant is undisputed. It is not a violation of the law to allow an attorney to appear and plead for his client.

Ark. Stat. Ann. § 22-311 (Repl. 1962) requires notice shall be given by the clerk of the court in each proceeding affecting a defendant's right, in time to prepare to meet such proceedings. The clerk did not give that notice in this case. The United States Supreme Court stated in *Goss* v. *Lopez,* 419 U.S. 565 (1975):

> . . . there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.

So far as appellant was concerned he had no knowledge the case had been set for trial. He appeared at 11:00 a.m. on May 14, 1979, after having been notified by telephone he should be present on that date. His affidavit and bond, filed in the municipal court, stated he would appear at the next term of the circuit court. The Greene County Circuit Court, Criminal Division, did meet at 9:30 a.m. on May 14, 1979. However, Act 505 of 1965 states that the Criminal Division of the Greene County Circuit Court shall convene on the third Monday in May. According to our calculations, this would be May 21, 1979. Therefore, it was error for the court to affirm the municipal court judgment prior to the time appellant was supposed to appear. To deny his right to request a jury trial prior to the first day of court would violate due process of law.

Reversed and remanded.

HARRIS, C.J., not participating.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur solely because it seems clear to me that the first day of the next term of the Circuit Court of Greene County, after the entry of the Municipal Court judgment, was May 21. The affidavit and bond in this case clearly indicated an appearance at the next term of that court. There is nothing in the record to indicate that any other time had been fixed by the trial court in any manner that required all litigants to take notice. Otherwise, I agree with the trial judge that all litigants, particularly those who invoked the jurisdiction of the court, are charged with notice of the convening of its terms and of times fixed in advance for the holding of said court without any notice being served on them, and that there are no due process requirements of notice of such dates.

The very reason for the constitutional provision that the circuit court be held at the times prescribed by law (Art. 7, § 12, Constitution of Arkansas) and the legislation putting the provision into execution [Ark. Stat. Ann. § 22-310 (Repl. 1962 and Supp. 1979)] is to establish a fixed time of which all persons are required to take notice. The basic rule in this regard is stated at p. 230, 21 CJS, Courts, § 148, thus:

Where the time and place of holding a term or session of court have been properly fixed and appointed, it is the duty of parties having business at such term or session to take notice thereof, or to suffer the penalty, whatever that may happen to be, of their ignorance.***

This rule has special application to one who has invoked the jurisdiction of the court. In *Berry* v. *Sims*, 195 Ark. 326, 112 S.W. 2d 25, we said:

The appellant wholly misconceives the functions of the court, his own duties and obligations in regard to it in

the preparation of his case when he has once invoked its jurisdiction. When he shall have set in motion the machinery of the courts, he must take notice of the convenings and adjournments thereof and no obligation in law rests upon the defendant or anyone else to apprise the plaintiff of the fact that courts will convene according to law at regular terms or at special or adjourned sessions.

It is true, courts may not serve the purpose of entrapping the unwary at special or adjourned sessions. The court may cause notice to be given where it is deemed necessary to serve the purposes of justice, but plaintiffs, when once they invoke the jurisdiction of the court, must take notice of the regular or adjourned sessions thereof.

Act 202 of 1943, digested as Ark. Stat. Ann. § 22-311 (Repl. 1962) was never intended to have the effect of relieving parties to proceedings of the requirement that they take notice of the convening of a term of court or of a day of that term to which the session is recessed or adjourned. That act was merely an application of the provisions of Initiated Act No. 3, adopted by the people on November 6, 1936, which made the courts open at all times for criminal proceedings. See § 31, Act 3 of 1936; Leflar, *The Criminal Procedure Reforms of 1936 — Twenty Years After,* 11 Ark. L. Rev. 117, 135. This statute only requires notice when the interested parties are not otherwise required by law to take notice and when the time for a session has not been previously fixed by the court by proper order.

I am not in complete agreement with the majority's statement about the appearance of one such as appellant by his attorney, where, as in this case, imprisonment could be a part of the punishment. It is purely a matter of discretion with the court whether the defendant on a misdemeanor charge shall be permitted to answer the charge by his attorney, without personally appearing in court himself, and the exercise of that discretion cannot be reviewed by this court on appeal, except for abuse. *Warren* v. *State,* 19 Ark. 214; *Bridges* v. *State,* 38 Ark. 510; *Owen* v. *State,* 38 Ark. 512.

See also, *Sweeden* v. *State,* 19 Ark. 205; *Henderson* v. *Town of Murfreesboro,* 119 Ark. 603, 178 S.W. 912; *Martin* v. *State,* 40 Ark. 364.