David Stewart, Executive Director Judicial Discipline Disability Commission 323 Center Street, Suite 1060 Little Rock, AR 72201
Dear Mr. Stewart:
I am writing in response to your request for an opinion on the following:
ACA 16-89-103(b) states that if an indictment is for a misdemeanor the resulting trial may be had in the absence of the defendant.
All of the cases in the annotations to the code section appear to either affirmatively state that the defendant's attorney was present for trial in the absence of the defendant or implies that the defendant's attorney was present.
The question is: Can either a District Court or a Circuit Court conduct a trial of a defendant charged with a misdemeanor when neither the defendant nor the attorney of record is present on the date and time set for trial? Proper notice of the trial date and time is not an issue. If conducting a trial is not permitted under the above code section if neither the attorney nor the defendant is present, what are the options available to the court? The Circuit Court options should be considered when the case is originally filed in Circuit Court or has been appealed from District Court.
RESPONSE
In my opinion, without offering comment on any potential investigation being made by the Commission, if an accused misdemeanant has waived his or her right to be present and the potential sentence does not include a deprivation of liberty, then a district or circuit court is authorized to conduct a trial in the absence of both the accused misdemeanant and his or her attorney. With respect to what options are available, in my opinion the full panoply of authority constitutionally vested in the courts may be applied. Please see below for further discussion.
Question One: Can either a District Court or a Circuit Court conduct a trial of a defendant charged with a misdemeanor when neither the defendant nor the attorney of record is present on the date and time set for trial? Proper notice of the trial date and time is not an issue.
Initially, I note that the Judicial Discipline Disability Commission, created pursuant to Amendment 66 to the Arkansas Constitution, is charged with investigating and evaluating allegations of judicial misconduct, physical or mental disability of judges requiring leave or involuntary retirement, and matters of voluntary leave or retirement. A.C.A. § 16-10-404(a) (Repl. 1999). My opinion should not be taken as a comment on any existing or potential investigations made by the Commission on this issue.
In my opinion, absent judicial clarification, if an accused misdemeanant waives his or her right to be present at the trial and the potential sentence contains no deprivation of the defendant's liberty, a district court or a circuit court may conduct a trial in the absence of both the accused misdemeanant and his or her attorney of record.
As you correctly note in your request, A.C.A. § 16-89-103 (Repl. 2005) is the governing statute with respect to a criminal defendant's presence in court. Relevant to your request, A.C.A. § 16-89-103(b) states:
If the indictment is for a misdemeanor, the trial may be had in the absence of the defendant.
Id. Determining and giving effect to the intent of the legislature is the cardinal rule of statutory construction. Hice v. State, 268 Ark. 57,593 S.W.2d 169 (1980). Each section is read in light of every other section, and the object and purposes of the legislation are to be considered. Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958). The statute also should be construed so that no word is left void, superfluous, or insignificant. Locke v. Cook, 245 Ark. 787,434 S.W.2d 598 (1968). Finally, and perhaps most important, the statute is presumed constitutional. See Hall v. Tucker, 336 Ark. 112, 983 S.W.2d 432 (1999) (citations omitted). If it is possible to construe it as constitutional, a court will do so, resolving all doubts as to validity in its favor. See Jones v. State, 333 Ark. 208, 969 S.W.2d 618 (1998); and Wiseman v. Phillips, 191 Ark. 63, 84 S.W.2d 91 (1935).
In addressing your question, the separate constitutional implications of the absence of both the defendant and his or her attorney must be addressed. With respect to the absence of the defendant, your question implicates the constitutional right to be present at trial and to confront witnesses. With respect to the absence of counsel of record, your question implicates the right to an attorney. Any interpretation of A.C.A. § 16-89-103 will comport with the existing constitutional standards, if at all possible.
Absence of Counsel of Record
The existence of a "counsel of record" in your hypothetical indicates that the accused misdemeanant has chosen to retain counsel and has not waived any right to counsel that may or may not attach to this case. This aspect of your question thus implicates the constitutional right to counsel found in both the Sixth Amendment to the United States Constitution and Article 2, § 10 of the Arkansas Constitution. I will first address the absence of counsel of record in light of the right to counsel. This general discussion assumes the presence of the accused misdemeanant.
The United States Supreme Court has addressed the right to counsel by describing that right as the right to effective counsel. See Gideon v. Wainwright, 372 U.S. 335 (1963); see also Hawk v. Olson, 326 U.S. 271
(1945). The language of Article 2, § 10 of the Arkansas Constitution guarantees the right of a criminal defendant's counsel to be heard at trial. Pierce v. State, 362 Ark. 491, 209 S.W.3d 364 (2005).
To meet the constitutional requirement of the right to counsel in criminal trials, states are required to provide indigent defendants with appointed attorneys. Gideon, supra. The Supreme Court further explained that the right to counsel is implicated in all cases where the conviction will work a deprivation of the defendant's liberty, such as through incarceration. Argensinger v. Hamlin, 407 U.S. 25 (1972); see also Gibson v. State, 298 Ark. 43, 764 S.W.2d 617 (1989). There is, however, no Sixth Amendment right to counsel for the trial of a petty crime where there is no imposition of incarceration. Scott v. Illinois,440 U.S. 367 (1979). Additionally, the constitutional guarantee is not violated by the mere possibility of incarceration, but only by actual imposition of a sentence of incarceration.[1] Id.
In my opinion, therefore, there would be no violation of the right to counsel if a district or circuit court tries a misdemeanant in the absence of his or her counsel of record when no incarceration is imposed.[2]
Absence of the Defendant
Because your question also assumes the absence of the accused misdemeanant, I will now address the implications of the right to be present. I will note that I have found no case law addressing the absence of both an accused misdemeanant and his or her attorney of record. The absence of the accused misdemeanant implicates the constitutional right to be present at all significant aspects of a trial. See Reece v. State, 325 Ark. 465, 928 S.W.2d 334 (1996); and Bell v. State, 296 Ark. 458, 757 S.W.2d 937 (1988). Despite the apparent bright-line authorization to try an accused misdemeanant in his or her absence in A.C.A. § 16-89-103, the application of the statute must comport with the constitutional standards for the right to be present. In my opinion, a court may try an accused misdemeanant without his or her actual presence pursuant to A.C.A. § 16-89-103 when the misdemeanant has voluntarily waived his or her right to be present and there is no potential for incarceration.
The right to be present embodies the right to confront witnesses, be heard in one's own defense, and the due process rights in defending against a criminal charge. Bell, supra (citing Faretta v. California,422 U.S. 806 (1975); Snyder v. Massachusetts, 291 U.S. 97 (1934); and Brown v. State, 24 Ark. 620 (1867)); see also Kentucky v. Stincer,482 U.S. 730 (1987); and Flanagan v. State, 368 Ark. 143, ___ S.W.3d ___ (2006). This right to be present, however, may be waived by the defendant or through his or her attorney. See Prine v. State, 267 Ark. 304,590 S.W.2d 25 (1979); Henderson v. Town of Murfreesboro, 119 Ark. 603,178 S.W. 912 (1915); and Williams v. State, 79 Ark. App. 216, 85 S.W.3d 561
(2002).
In addressing the authority of the court to conduct a trial in the absence of an accused misdemeanant, the Arkansas Supreme Court has stated:
Where the defendant voluntarily absents himself, the state may demand a trial notwithstanding his absence, and no constitutional right of the defendant is violated. Of course, a party to any kind of litigation, either civil or criminal, is entitled to be present at his trial, whether his own testimony is important or not, and it would constitute an abuse of discretion to force a trial in the involuntary absence of one of the litigants. If, however, the litigant is absent by his own connivance or voluntary act, the court is not bound to await his pleasure, but may proceed with the trial, except . . . where he is placed in jeopardy under a charge involving punishment by confinement.
Henderson, 119 Ark. at 606 (emphasis added).[3]
As noted in Henderson, a trial in the absence of the accused misdemeanant is not authorized when the offense charged is punishable by incarceration. See, e.g., Jaynes v. State, 212 Ark. 410, 412,206 S.W.2d 7 (1947) ("In view of the provisions of this statute . . . which provides that a trial may be had in the absence of the defendant in a misdemeanor case, the circuit court has authority to affirm the judgment of the justice of the peace court on appeal, if a defendant fails to appear and the penalty imposed is a fine only . . . "); and Henderson, supra. Specifically, the Arkansas Supreme Court has stated "the court should not, in the exercise of its discretion, permit a trial in the absence of the accused when the verdict and judgment may be for imprisonment." Owen v. State, 38 Ark. 512, 513 (1882) (cited in Taylor v. State, 44 Ark. App. 106, 866 S.W.2d 849 (1993)). There is no authority, therefore, to conduct a trial in the absence of the accused misdemeanant when incarceration is a potential punishment to be imposed, regardless of the language of A.C.A. § 16-89-103 or a waiver purportedly given by the accused misdemeanant.
A determination of whether an accused misdemeanant has waived his or her right to be present, by voluntary absence or otherwise, is a matter for the trial court. See Parrish v. State, 65 Ark. App. 66,984 S.W.2d 460 (1999) (discussing the various standards for a criminal defendant to waive different rights, including the right to be present); see also Reece v. State, 325 Ark. 465, 928 S.W.2d 334 (1996); and Johnson v. State, 270 Ark. 247, 604 S.W. 927 (1980). If a court determines that the accused misdemeanant has waived his or her right to be present and there is no possibility of punishment by incarceration, a circuit or district court may proceed to trial in the absence of the accused misdemeanant.
Therefore, in light of the right to be present, it appears that A.C.A. § 16-89-103 only authorizes a district or circuit court to conduct a trial in the absence of both the accused misdemeanant and his or her counsel of record if the accused misdemeanant has waived his or her right to be present and there is no possibility of a sentence of incarceration.
Question Two: If conducting a trial is not permitted under the above code section if neither the attorney nor the defendant is present, what are the options available to the court?
As noted above, there are circumstances where the trial court may not proceed to trial in the absence of both the misdemeanant and his or her counsel of record. In those circumstances, the court may take all appropriate action allowable under the constitutionally granted judicial authority. I regret that I am not able to offer an exhaustive list of a trial court's options in the exercise of its constitutional discretion, but I have included several options below.
With respect to the absence of an accused misdemeanant on appeal to the circuit court from the district court, A.C.A. § 16-96-508 (Repl. 2006) specifies that the failure of the accused misdemeanant to appear at trial authorizes the circuit court to affirm the district court and enter judgment of the same fine or penalty imposed by the district court. See, e.g., Williams v. State, 79 Ark. App. 216, 85 S.W.3d 561
(2002).
There is scant caselaw on what a court may do in the absence of the defendant and his or her lawyer where the case cannot proceed to trial under the circumstances because of such absences. The case law cited above consistently presented situations where either the accused defendant or his or her counsel was present. Absent judicial guidance, in my opinion, a trial court should evaluate the discretionary authority granted pursuant to Amendment 80 which states that "the judicial power is vested in the Judicial Department of state government . . . " Ark. Const. amend. 80, § 1. The annotations you have referenced in your request demonstrate a number of potential options a court may take. For example, as stated in Cox, supra, prior to the appearance of the absent defendant's attorney, "a forfeiture upon [the voluntarily absent misdemeanant's] bond might have been taken and this was about to be done. . . . " Furthermore, Arkansas Code Annotated § 5-54-120 (Repl. 2005) sets forth the criminal offense of "failure to appear" when an individual fails to appear without reasonable excuse after having been cited as an accused.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The Arkansas Rules of Criminal Procedure specifically address the appointment of counsel in misdemeanor cases by allowing a trial court not to appoint counsel if the charged offense is a misdemeanor and the court determines that there will be no imposition of incarceration. Ark. R. Crim. Pro. 8.2(b). Furthermore, the Supreme Court held that the absence of either counsel or a proper waiver of the right to counsel would violate the right to counsel if a court imposed a suspended sentence that may result in the deprivation of liberty for a misdemeanant. Alabama v. Shelton, 535 U.S. 654 (2002).
[2] I base this conclusion on the fact that generally, the Arkansas Courts have interpreted Article 2, § 10 to be coextensive with theSixth Amendment's guarantee of counsel. I note, however, there is precedent for the Arkansas Supreme Court extending greater protections under the Arkansas Constitution than the minimum required by the United States Constitution. See, e.g., State v. Brown, 356 Ark. 460, 156 S.W.3d 722
(2004) (extending greater restrictions on police procedure in executing "knock-and-talk" warrants under Article 2, § 15 of the Arkansas Constitution than required under the Fourth Amendment to the United States Constitution). I cannot speculate whether the Arkansas Supreme Court would extend the protections of Article 2, § 10 of the Arkansas Constitution further that the minimum requirement of the Sixth Amendment to the United States Constitution if presented with this issue and the different language in Article 2, § 10.
[3] This authority to proceed with a trial in absentia is discretionary. Prine v. State, 267 Ark. 304, 590 S.W.2d 25 (1979); Whitmire v. State, 50 Ark. App. 34, 901 S.W.2d 20 (1995); see also Taylor, 44 Ark. App. Even when an attorney of record has been present and requested on behalf of his absent client that the trial commence, the court is not required to proceed in the absence of the defendant. Taylor, supra.