## OWEN v. THE STATE.

1. CRIMINAL PRACTICE: *Trial in absence of defendant.*

   The defendant in a criminal case has the constitutional right to be present and confronted with the witnesses against him at the trial, and the State cannot demand a trial in his absence. The provision of the Statute (*Gantt's Digest sec. 1888*) authorizing the trial of a misdemeanor in the absence of the defendant, applies to cases in which he waives the right to be present.

2. SAME: *Same.*

   The Circuit Court may, in its discretion, refuse to try a misdemeanor in the absence of the defendant, even with his consent; and *should* refuse, if the verdict and judgment may be for imprisonment. And if the case be an appeal from the judgment of a justice's court, the Circuit Court may compel his presence by bench warrant or capias, or dismiss his appeal and leave the justice's judgment to be enforced.

APPEAL from *Lee* Circuit Court.

HON. J. N. CYPERT, Circuit Judge.

*Moore*, Attorney-General, for the State.

*Sec.* 1888 *Gantt's Dig.* provides: "If the indictment is for a misdemeanor the trial may be had in the absence of the defendant." It was *purely within the discretion of the court* to try the case in the absence of the defendant, or to require his personal presence if deemed necessary.

ENGLISH, C. J. In September, 1880, Amos Owen was charged, tried and convicted for malicious mischief, before a justice of the peace of Lee county, and appealed to the Circuit Court.

At the appeal term he was present in the Circuit Court, the case was submitted to a jury, and they failing to agree on a verdict were discharged. At the next term he was absent,

and the State demanding his presence, the court continued the case. At the following term, when the case was called for trial, he was absent; the State demanded his presence; his attorney offered to proceed to trial in his absence, which the court declined to permit, and dismissed the appeal for want of prosecution; and his attorney prayed for him an appeal to this court, which was ganted.

In all criminal prosecutions the accused has the right to be confronted with the witnesses against him, (*Sec.* 10, *Dec. of Rights*) and therefore the State cannot demand a trial in his absence.

The Statute provides that if the indictment be for a misdemeanor, the trial may be had in the absence of defendant, (*Gantt's Dig. Sec.* 1888), but that must be understood to apply to cases in which the accused consents to waive the right to be present.

In this case the attorney of appellant offered to proceed to trial in his absence, and being a misdemeanor, that might be done: but the State objecting and demanding his presence, the court was not legally obliged to permit the trial to proceed in his absence. It was, as we have held in other cases, matter of discretion in the court, and a practice not to be commended. *Griffin* v. *The State*, 37 *Ark.*, 442; *Bridges* v. *State, ante.*

The offense with which the appellant was charged is punishable by fine or imprisonment, or both, (*Acts of* 1879, *p.* 85), and the court should not, in the exercise of its discretion, permit a trial in the absence of the accused when the verdict and judgment may be for imprisonment. He should be present to be placed in confinement if convicted. 1 *Bishop Cr. Pro.*, sec. 268, and notes.

On the failure of appellant to appear for trial in the prosecution of his appeal, as he was bound to do, the court

might have ordered him brought in on bench warrant or capias. But the court thought proper on such failure, to dismiss his appeal, which it had the discretion to do, and which left the judgment of the justice standing, and to be enforced.

Affirmed.