Warren RENFRO *v*. CITY OF CONWAY, Arkansas

CR 76-199                                        545 S.W. 2d 69

Opinion delivered January 10, 1977
(Division II)

*Guy H. Jones, Phil Stratton, Guy Jones, Jr.* and *Casey Jones,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. Appellant Warren Renfro was found guilty in the Municipal Court of Conway, Arkansas, on a count of overpossession and possession for sale of intoxicants and on a count of selling intoxicants in a dry county. He was fined $750 on each count. Appellant timely appealed the municipal court actions to the Circuit Court of Faulkner County. On October 6, 1975, appellant did not appear at a scheduled pre-trial hearing, and the trial court made a docket entry forfeiting the bail bonds on the appeals and affirmed the municipal court in both cases.

When the judgments reflecting the docket entries were filed appellant then filed motions to vacate and set aside the judgment forfeiting the bail bonds and affirming the municipal court action. Appellant's motions in each case were overruled, and this appeal followed.

For reversal appellant contends the judgments of the circuit court forfeiting bail bonds and affirming the municipal court convictions denied him substantive and procedural due process of law because of insufficient notice. The only notice

appellant had that his appeals were to be considered by the circuit court was a multi-page calendar which listed his appeals among 203 criminal non-jury matters and stated, "The cases appearing on this docket are listed for plea, arraignment, and pre-trial only."

Appellee contends appellant had an affirmative duty to be present at the October 6, 1975 hearing and also to request a setting for trial. In support of its position the State cites Ark. Stat. Ann. § 44-507 (Repl. 1964), which provides:

> If the appellant shall fail to appear in the circuit court *when the case is set for trial,* . . . , then the circuit court may, unless good cause be shown to the contrary, affirm the judgment of the [lower] court and enter judgment against the appellant . . . . (Italics supplied.)

Appellee's position would have merit if we could find that the 14-page calendar constituted a setting of the cases for *trial;* however, the calendar stated "pre-trial only." Although circuit court always remains open [Ark. Stat. Ann. § 22-312 (Repl. 1962)] we do not deem the notice given here sufficient to comport with the requirements of Ark. Stat. Ann. § 22-311 (Repl. 1962) nor with federal requirements of due process.

The Supreme Court of the United States said in *Goss v. Lopez,* 419 U.S. 565, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975):

> There are certain bench marks to guide us, however. *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950), a case often invoked by later opinions, said that "[m]any controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication *be preceded by notice and opportunity for hearing appropriate to the nature of the case.*" * * * (Italics supplied.)

Appellant received no proper notice that his appeals would be heard on the merits on October 6, 1975. Failure to give such notice is failure to meet the minimum requirement of due process.

Reversed and remanded for appropriate proceedings in circuit court.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.