Terry L. RAWLS *v.* STATE of Arkansas

CA CR 79-39                    587 S.W. 2d 602

Opinion delivered September 19, 1979
and released for publication October 10, 1979

*Eugene Hunt,* for appellant.

*Steve Clark,* Atty. Gen., by: *E. Alvin Schay,* Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Judge. Appellant was convicted on April 29, 1977, in the Municipal Court of Monticello, of driving while under the influence of alcohol. An appeal was taken immediately to the Circuit Court of Drew County.

The criminal docket of the circuit court reflects that on September 19, 1977, appellant's case was set for trial on September 26, 1977, and that appellant was advised by the court to notify his attorney of the trial date. The appellant nor his attorney appeared for the trial. Moreover, the docket does not reflect any action whatsoever by the court on appellant's case on September 26, 1977. Appellant claims, however, that his attorney requested a continuance by telephone and letter. The docket does not indicate that either a continuance was requested or granted.

The docket reflects that on September 18, 1978, the circuit court affirmed appellant's conviction. It is clear that appellant and his attorney were not present on September 18, 1978.

On January 17, 1979, appellant's attorney received written notice of the "call of the docket" scheduled for February 1, 1979.

On February 1, 1979, appellant appeared for trial, but the court entered an order remanding the case to the municipal court upon discovering that his predecessor had affirmed appellant's conviction as reflected by the docket entry of September 18, 1978.

For reversal, appellant asserts two points. First, appellant contends the municipal court erred in receiving testimony regarding a blood alcohol test without first having

been assured that the analysis was performed according to a method approved by the State Board of Health.

Inasmuch as this issue was never considered by the circuit court, it is plain that there is no basis for appellate review of this issue.

Secondly, appellant claims that the action of the circuit court on September 18, 1978, resulting in the affirmance of his municipal court conviction denies him due process of law in view of the fact that appellant and his attorney were not properly notified of either the September 26, 1977, or the September 18, 1978, scheduled hearings.

The State argues that inasmuch as appellant was advised on September 19, 1977, that his case would be tried on September 26, 1977, and was further directed to notify his attorney of the trial date, the circuit court had the option of affirming the municipal court's conviction at anytime, without notice, because of appellant's failure to appear.

While Ark. Stat. Ann. §44-507 (Repl. 1964) authorizes a circuit court to affirm a judgment of a lower court if the appellant fails to appear when his case has been scheduled for trial, due process dictates that appellant be afforded proper notice and an opportunity to be heard in a proceeding involving the deprivation of life, liberty or property. *Renfro* v. *City of Conway*, 260 Ark. 852, 545 S.W. 2d 69. Moreover, Ark. Stat. Ann. §22-311 (1962 Repl.), requires that interested parties as well as their attorneys receive notice from the clerk of the court of proceedings scheduled; and that time shall be afforded counsel to prepare for trial.[1]

We conclude that the oral notice given by the circuit court to appellant on September 19, 1977, that the case

---

[1]Rule 4 of the Uniform Rules for Circuit and Chancery Courts provides, in part:

> b. As soon as a circuit court trial docket is set for any given date or dates, but not later than 15 days prior to the date of trial, the Clerk shall forthwith make copies of the same, showing the case number, the style, the attorneys and the date for which each case is set. Copies shall be furnished all attorneys of record.

would be tried on September 26, 1977, did not comply with the requirements of Ark. Stat. Ann. §22-311 (Repl. 1962) and the requirement of due process under the Fourteenth Amendment to the United States Constitution. See: *Goss* v. *Lopez*, 419 U.S. 565, 95 S.Ct. 729 (1975).

The record reflects that the trial court manifested some uncertainty as to his power to set aside the order affirming appellant's conviction. The Arkansas Supreme Court made it clear in *Swagger* v. *State*, 227 Ark. 45, 296 S.W.2d 204 (1965) that where a judgment is void because of want of due process of law, the judgment has no force and effect and can be vacated at any time.

Reversed and remanded to the circuit court for proceedings not inconsistent with this opinion.