414 So.2d 366 (1982)
STATE of Louisiana
v.
Billy THIBODEAUX.
No. 81-KA-2492.
Supreme Court of Louisiana.
May 17, 1982.
*367 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Allen Helm, Asst. Dist. Attys., for plaintiff-appellee.
M. Michele Fournet & David Randall Buckley, Baton Rouge, for defendant-appellant.
FRED S. BOWES, Justice Pro Tem.[*]
The defendant, Billy Steven Thibodeaux, pleaded guilty to six separate counts of simple burglary, while reserving the right to appeal the trial court's ruling on the motion to suppress his confession. State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to a term of six years' imprisonment on each count. The sentences on the first three counts were directed to run concurrently with each other and the sentences on the second three counts were directed to run concurrently with each other and consecutively to the first three counts. These sentences were suspended and the defendant was placed on supervised probation for five years. The defendant now appeals the trial court's ruling on the motion to suppress his confession, arguing one assignment of error.
On May 15, 1980 and May 16, 1980, Billy Thibodeaux confessed to each of the six burglaries charged herein. The defendant pointed out the residences and buildings he burglarized as Detectives Ernest Brewer and Donnie Smith of the Baton Rouge City Police drove him throughout the city of Baton Rouge. He indicated how he gained entry to the buildings, who, if anyone, assisted him, approximately when he burglarized the premises, and what items he stole. Officer Paul Morant, Jr., subsequently retrieved police reports compiled on each of these burglaries and interrogated the defendant as to the circumstances surrounding each burglary, thereby further corroborating the defendant's confessions.
Assignment of Error Number 1
By this assignment, defendant contends that the trial court erred in denying the motion to suppress his confession. The defendant submits that his confession was obtained as a direct result of a warrantless arrest without probable cause. Alternatively, it is submitted that the confession was involuntary and inadmissible because it was obtained by the improper influence of the police officers in misrepresenting the evidence which they had against the defendant.
Detective Ernest Brewer testified that on May 15, 1980 he received a telephone call from an unidentified, confidential informant who stated that Billy Thibodeaux and Wes Mizell had burglarized a Mobil Station on Florida Blvd. a few days earlier. Brewer personally knew the informant. However, he had not previously worked with him. Acting on this tip, Brewer and Smith proceeded to the defendant's residence that same afternoon, arriving there at approximately 4:00 p. m., in plain clothes and in an unidentified car. As they pulled into the defendant's driveway, Thibodeaux approached them from down the street and his mother came outside. Brewer and Smith identified themselves and told the defendant that they were detectives investigating the burglary of a Mobil Station. They advised him of his Miranda rights and asked him if he would come to the police station for questioning regarding this. Detective Brewer testified that he did not go there with the intention of arresting the defendant but that he wanted to bring Thibodeaux to the station because he anticipated an extended interrogation and wanted access to police reports. The defendant *368 agreed to accompany the police after his mother approved of the idea. Brewer testified that he specifically told the defendant that he did not have to come to the station. The defendant denied this and claims that he was under the impression that he would be arrested immediately if he did not agree. While at the stationhouse, Thibodeaux admitted to burglarizing the Mobil Station.
The first issue in this case is whether the defendant was illegally detained when Detectives Brewer and Smith arrived at his house. Whether a person has been taken into custody, detained or deprived of his freedom in a significant way must be decided by an objective test. State v. Liner, 397 So.2d 506 (La.1981); State v. Menne, 380 So.2d 14 (La.1980). Neither the defendant's subjective impression nor the formality of an official arrest will be determinative of the issue of his claimed illegal detention. State v. Menne, supra. Rather, all of the circumstances surrounding the defendant's transportation to the stationhouse and questioning should be evaluated.
In the present case, the defendant was approached by two plainclothes police officers at his house. They advised him of his rights and requested that he accompany them to the police station. The defendant was specifically told that he did not have to go along. At no time did the detectives tell the defendant that he had to come to the station or that he was under arrest. When the objective standards of Menne, supra, are applied to the totality of circumstances in this case, it is clear that the defendant had no reason to feel that he had been "deprived of his freedom of action in a significant way" such as to believe he was in custody. Therefore, we find that the defendant voluntarily accompanied the police to the station and there was no illegal arrest.
The second part of defendant's argument concerns the voluntariness of his confession. The defendant submits that the police misrepresented the existence of evidence against him.
At the police station, the defendant was again advised of his Miranda rights and at this time signed the first of many forms, entitled "Your Rights And Consent To Questioning." Shortly thereafter, he admitted to burglarizing the Mobil Station. The defendant claims he confessed because either Detective Brewer or Detective Smith showed him what they claimed to be his fingerprints lifted from a vending machine in the Mobil Station. Detective Smith flatly denied ever showing the defendant these purported fingerprints. Brewer did not recall showing the defendant the fingerprints but admitted that it was "possible" that he could have told the defendant that they had evidence which they did not in fact have. Detective Brewer stated, however, that he did not think that they showed the defendant any fingerprints because they did not have any.
After the defendant admitted to burglarizing the Mobil Station, he asked the police about the possibility of probation. Detective Brewer testified that he told the defendant he would not object to his being placed in a Pretrial Intervention Program or on probation. However, it is undisputed that no promises or threats were ever made. The defendant then confessed to a number of burglaries and agreed to accompany Brewer and Smith throughout the city, pointing out the places he had burglarized. After again being advised of his Miranda rights, the defendant gave written statements confessing to each of the burglaries named therein. He was then formally arrested and charged.
Conclusions of a trial court on the credibility and weight of testimony relating to the voluntariness of a confession are given great weight and will not be overturned unless they are not supported by the evidence. State v. Jackson, 381 So.2d 485 (La.1980); State v. Manning, 380 So.2d 46 (La.1980); State v. Gaines, 354 So.2d 548 (La.1978). The State has the burden of affirmatively proving that a confession was not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises and must prove beyond a reasonable doubt that a confession was free and voluntary. R.S. 15:451, C.Cr.P. Art. *369 703(C), State v. Coleman, 369 So.2d 1286, (La.1979); State v. Volk, 369 So.2d 128 (La. 1979); State v. Weinberg, 364 So.2d 964 (La.1978)."
The defendant's claim that the police overstated the case against him was unsubstantiated by the evidence. Detective Smith flatly denied that he misrepresented the evidence to the defendant and the totality of Detective Brewer's testimony was that they probably did not show the defendant any fingerprints because they did not have any. In our opinion, this evidence was sufficient to meet the State's burden and to rebut the defendant's claim that he was shown what the police claimed to be his fingerprints. The State also proved that there were no promises or threats made to induce the defendant's confession. We think the trial court properly ruled that the defendant's confession was voluntary and admissible.
Accordingly, defendant's only assignment of error is without merit.

DECREE
For this reason, we affirm the defendant's conviction.
LEMMON, J., concurs in the result.
NOTES
[*] Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Court of Appeal, Fifth Circuit and Walter I. Lanier, Jr., of the Court of Appeal, First Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Blanche and Lemmon.