Carl Anthony HARRIS v. STATE of Arkansas

CA CR 82-19                                    638 S.W.2d 698

Court of Appeals of Arkansas
Opinion delivered September 8, 1982

*William R. Simpson, Jr.,* Public Defender, by: *Carolyn P. Baker,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, appellant was charged with the offense of failure to appear under Ark. Stat. Ann. § 41-2820 (Repl. 1977). He was also alleged to be an habitual offender and that his sentence should be enhanced under the provisions of Ark. Stat. Ann. § 41-1001 (Repl. 1977). At trial, he was found guilty by the court, and was sentenced to five years in the Arkansas Department of Corrections. On appeal, appellant argues that his conviction for failure to appear should be reversed because he had not been given written notice of the time and place to appear, and that this failure to give written notice violated his constitutional right to due process of law.

In *Rawls* v. *State,* 266 Ark. 919, 587 S.W.2d 602 (Ark. App. 1979), this Court dealt with a similar situation. The appellant's municipal court conviction for driving while intoxicated was affirmed by the circuit court upon his failure to appear. In that case, this Court held that due process required that an appellant be afforded proper notice and an opportunity to be heard in a proceeding involving the deprivation of life, liberty, or property. In *Rawls,* the appellant did not have an attorney at the time the trial date was set, and he was simply directed to notify his attorney of the trial date. Under Ark. Stat. Ann. § 22-311 (Repl. 1962), interested parties are required to have notice concerning the date scheduled for court proceedings, and they are to be given adequate time so that counsel may prepare for trial. Further, Uniform Rules for Circuit and Chancery Courts, Rule 4, Ark. Stat. Ann. Vol. 3A (Repl. 1979), provides that the attorneys of record be notified not later than fifteen days prior to the date of trial. In *Rawls,* the oral notice given by the circuit court did not comply with Ark. Stat. Ann. § 22-311 (Repl. 1962) and the due process clause of the

Fourteenth Amendment to the United States Constitution because the appellant's counsel was not given adequate time to prepare for trial, thus denying the appellant a meaningful opportunity to be heard. To the extent that *Rawls* can be read more broadly, this Court declines to do so.

In *Prine* v. *State*, 267 Ark. 304, 590 S.W.2d 25 (1979), the Arkansas Supreme Court found that the appellant had no knowledge that his case was set for trial, and therefore it was error for the circuit court to affirm the municipal court judgment for failure to appear. In that case, it was undisputed that the appellant did not receive actual notice regarding when he should appear, and the State admitted prejudicial error which required reversal.

Arkansas Statutes Annotated § 41-2820 (Repl. 1977) provides that a person commits the offense of failure to appear if, after he has been "lawfully set at liberty upon condition that he appear at a specified time, place, and court; he fails to appear without reasonable excuse."

In the case at bar, appellant was present with his attorney at plea and arraignment on October 6, 1980, and was notified of the date his case was to be tried, that being March 10, 1981. Appellant's attorney was certainly aware of the trial date, since he advised the court eight days prior to the trial date that he had been unable to locate his client. The bondsman and the sheriff were also unable to locate appellant.

On the facts of the case at bar, we hold that appellant was given sufficient notice of the date his case was to be tried. Arkansas Statutes Annotated § 22-311 (Repl. 1962) does not require that the court clerk give notice to all interested parties in *all* cases, but only in those cases where the time has not been fixed by the court and in such cases where parties are not required by law to take notice. Appellant was present with his attorney when the trial date was set by the court. At trial on the charge of failure to appear, he was afforded the opportunity to explain to the trial court why he had failed to appear for trial. At that hearing, he never denied having actual notice of the date he was to appear, and his only

reason for failing to appear was that he believed the charges were to be dropped. We find no violation of Ark. Stat. Ann. § 22-311 (Repl. 1962), nor do we find a violation of the due process clause of the Fourteenth Amendment.

Affirmed.

GLAZE, J., not participating.