Wilburn D. ELMS *v.* STATE of Arkansas

CR 89-92                                                   773 S.W.2d 89

Supreme Court of Arkansas
Opinion delivered July 10, 1989

*Gary Vinson,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. On August 12, 1987, counsel for appellant Wilburn D. Elms entered a plea of nolo contendere to driving while intoxicated on behalf of Elms in municipal court. The court sentenced him to one day in jail, a fine of $350.25, and

suspension of his driver's license for ninety days. In addition, it ordered that he attend DWI School and Safety Driving School. Thereafter, Elms' counsel executed an appearance bond on Elms' behalf and appealed to circuit court. Five months later, the circuit court, upon motion of Elms' counsel to dismiss the appeal and affirm the judgment of the lower court, entered a judgment affirming the lower court's decision and assessing circuit court costs. The judgment recites that both Elms and his counsel were present when the court took this action. However, the record reflects that Elms was not present.

After learning that judgment had been entered by reading a local paper, Elms filed a motion asking that the judgment be set aside and a trial be granted on the basis that he had not authorized his attorney to enter into a negotiated plea. After a hearing, the court denied the motion. From this order, Elms appeals.

For reversal he contends that his plea of nolo contendere was invalid in that he was not present when the circuit court affirmed the judgment of the municipal court. This contention has merit.

Ark. R. Crim. P. 24.3(a) provides that "a plea of guilty or nolo contendere shall be received only from the defendant himself in open court, except that counsel may enter a plea of guilty on behalf of a defendant in misdemeanor cases where only a fine is imposed by the court."

The circuit court's maneuver in affirming the lower court's judgment was tantamount to receiving a plea of nolo contendere from Elms through his attorney, which is permissible only where a fine is imposed by the court. The court sentenced Elms to a fine, imprisonment, and suspension of his driver's license even though he was not present.

Obviously, the circuit court violated Rule 24.3(a). For this reason we invalidate Elms' plea and set aside the court's judgment, thereby providing Elms his day in court.

Reversed and remanded.

HICKMAN, J., dissents.