Lisa Holbird DEES *v.* STATE of Arkansas

CA CR 89-79                                        783 S.W.2d 372

Court of Appeals of Arkansas
Division II
Opinion delivered February 7, 1990

*Douglas, Hewett and Shock*, by: *Charles M. Duell*, for appellant.

*Steve Clark*, Att'y Gen., by: *Tim Humphries*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant was convicted of robbery and sentenced to five years in the Arkansas Department of Correction. On appeal, she argues that (1) the trial court erred in refusing to suppress statements she made to police while in custody, and (2) the court erred in denying her motion for continuance for time to obtain the presence of an out-of-state witness. We affirm.

The evidence shows that on March 21, 1988, Fort Smith police officers were called to appellant's house where a shooting had taken place. Appellant's mother and a police officer had been shot. Officer Clay Thomas asked appellant, who was a witness to the incident, to accompany him to the police station to make a statement about the shooting. At that point appellant was not a suspect in the shooting incident or any other crime and she was not under arrest; she was merely a witness to the shooting. Appellant was, however, informed of her Miranda rights and she signed the waiver form.

Although the time sequence surrounding appellant's interrogation is somewhat unclear, Officer Thomas began taking a tape recorded statement from the appellant at approximately 1:00 p.m. While Thomas was questioning appellant about the shooting, he received information from other detectives that appellant's sister, Penny, who was also being interviewed, had implicated the entire family in a number of recent robberies. Thomas then questioned appellant about the robberies, but she denied any knowledge of them. About 3:00 p.m., Officer Thomas took appellant to her home to get her six-year-old daughter. They did not find her there, so they went to the child's school; however, the juvenile authorities had already picked up the child in anticipation that no one else would do it, and the appellant was later informed that this had occurred.

After they returned to the police station, the appellant admitted that her mother had committed several of the robberies and that appellant had driven the vehicle. This statement was typed, the appellant signed it, and she was arrested. The following day, appellant gave another signed statement which gave more details of the robberies.

Counsel for appellant made a motion to suppress appellant's statements on the basis that they were illegally obtained. After a hearing, the trial court denied the motion. On appeal, it is argued that the court erred in refusing to suppress appellant's statements because they resulted from an unlawful seizure in violation of appellant's Fourth Amendment rights of the United States Constitution and violated Arkansas Rule of Criminal Procedure 2.3. Appellant contends she was seized from her home without being told that she did not have to accompany the officer to the

police station and that reading her the Miranda rights did not cure the seizure. Although the officer testified that appellant was not under arrest, appellant contends she was "in custody" as defined in *United States* v. *Mendenhall*, 446 U.S. 544 (1980). She points out that she has only a tenth-grade education; that she was very emotional after her mother was shot; that she was not told she was free to leave; that Officer Thomas never let her out of his sight; and that she was even accompanied to the toilet by a policewoman.

It is well established that one is not under arrest simply because he voluntarily accompanies police officers to the station for questioning. *See Morales* v. *New York*, 396 U.S. 102 (1969); *United States* v. *Bailey*, 447 F.2d 735 (5th Cir. 1971); *Dillon* v. *State*, 454 N.E.2d 845 (Ind. 1983); *State* v. *Coy*, 234 Kansas 414, 672 P.2d 599 (1983); *State* v. *Thibodeaux*, 414 So.2d 366 (La. 1982); *State* v. *Barker*, 53 Ohio St. 2d 135, 372 N.E.2d 1324 (1978); and *People* v. *Wipfler*, 68 Ill. 2d 158, 368 N.E.2d 870 (1977). *See also Owens* v. *State*, 283 Ark. 327, 675 S.W.2d 834 (1984), where the Arkansas Supreme Court said that one who voluntarily accompanies an officer cannot claim he was coerced. 283 Ark. at 331. A person has not been seized within the meaning of the Fourth Amendment until, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States* v. *Mendenhall*, 446 U.S. 544 (1980). *Mendenhall* also said: "Our conclusion that no seizure occurred is not affected by the fact that the respondent was not expressly told by the agents that she was free to decline to cooperate with their inquiry, for the voluntariness of her responses does not depend upon her having been so informed." *Id.* at 555.

In reviewing a trial judge's decision on a motion to suppress, the appellate court makes an independent determination based upon the totality of the circumstances but will reverse the trial court's ruling only if that ruling was clearly against the preponderance of the evidence. *Cooper* v. *State*, 297 Ark. 478, 763 S.W.2d 645 (1989); *Campbell* v. *State*, 294 Ark. 639, 746 S.W.2d 37 (1988).

Under the totality of the circumstances in the instant case, we cannot hold that appellant was illegally seized or that she

was even in custody until after she made her incriminating statements. In his testimony, Officer Thomas made it clear that when he first came into contact with appellant, she was not under arrest or suspicion. He testified that she voluntarily accompanied him to the police station to make a statement as a witness to the shooting incident at her house. The record shows that before the officer took any statement from appellant he told her she was not a suspect in the shooting incident or any other crime and that she was not under arrest. The officer testified that at no time did he use force or coerce appellant in any way; that she was free to go at any time prior to her confession; that she was advised of her Miranda rights and voluntarily waived them; and that at no time did appellant ask to leave or request the presence of an attorney.

The appellant also contends that it is undisputed that there was a violation of Arkansas Criminal Procedure Rule 2.3. To place this rule in proper perspective, we need to first look at Rule 2.2. That rule provides that a law enforcement officer may request a person to respond to questions, to appear at a police station, or to comply with any other reasonable request but "no law enforcement officer shall indicate that a person is legally obligated to furnish information or to otherwise cooperate if no such legal obligation exists." Rule 2.2 ends with this sentence: "Compliance with the request for information or other cooperation hereunder shall not be regarded as involuntary or coerced solely on the ground that such a request was made by a law enforcement officer." Turning now to Rule 2.3, we note it provides that if an officer acting pursuant to "this rule" requests a person to come to or remain at a police station, prosecuting attorney's office or other similar place, "he shall take such steps as are reasonable to make clear that there is no legal obligation to comply with such request."

Considering the language in Rules 2.2 and 2.3, we cannot agree with appellant that it is "undisputed" that Rule 2.3 was violated. In deciding whether Officer Thomas took "such steps" as were "reasonable" to make clear that there was no legal obligation for appellant to accompany him to the police station, we have to consider the officer's testimony that he told appellant that she was not a suspect in the shooting incident or any other crime and that she was not under arrest. As the brief for the state contends: "Rule 2.3 does not require the recitation of magic

words." Taken in context with Rule 2.2, we think under all the circumstances in evidence here there was an issue of fact as to whether Officer Thomas took "such steps" as were "reasonable" to make it clear that appellant had no legal obligation to comply with the request that appellant go to the police station with the officer. Thus, we do not reverse the trial court on this point.

■ Appellant has also argued that the totality of the circumstances surrounding her statements show they were not freely and voluntarily given and were taken in violation of her Fifth Amendment rights. Since the evidence will support a finding that the statements were, in fact, voluntarily given, it clearly appears that this argument assumes that appellant was illegally detained. This is an assumption to which we do not agree. As discussed above, the evidence supports a finding that appellant went to the police station voluntarily; that she was read the Miranda warning and it was only after Officer Thomas was advised of the statement made by appellant's sister that the questioning of appellant centered on the robberies; that at this time the officers had information amounting to probable cause to hold appellant; and, therefore, she was not illegally detained when she made the statements admitting her part in the crime for which she was convicted. Since appellant's suppression argument is based upon the contention that she was illegally detained, it is not necessary to discuss *Brown* v. *Illinois*, 422 U.S. 590 (1975), relied upon by appellant for the contention that her inculpatory statements were not admissible because they were tainted by police illegality.

Appellant also argues that the court abused its discretion in denying her motion for a continuance to enable her to locate a missing out-of-state witness. Appellant argues that she subpoenaed a witness to one of the robberies who could have provided exculpatory evidence. Although the beginning of the trial was delayed for several hours while the court got in touch with an Oklahoma sheriff and attempted to get the witness to court, the witness could not be located and did not appear at trial.

■■ A motion for continuance is addressed to the sound discretion of the trial court. Its action will not be reversed absent a clear abuse of that discretion amounting to a denial of justice, and the burden is on the appellant to demonstrate such abuse. In

considering whether the court's discretion has been abused in a particular case, the circumstances of the case must be examined with emphasis on the reasons presented to the judge at the time. *Kellensworth* v. *State*, 278 Ark. 261, 644 S.W.2d 933 (1983).

█ The record shows that diligent effort had been made by both defense counsel and the prosecution to locate this witness. Her husband had expressed "some reluctance" to being involved in the case, according to defense counsel, and there is no indication that extra time would have resulted in the production of the witness. Under the circumstances, we cannot say that the trial court abused its discretion in refusing the continuance. Moreover, we note that the statement of this witness was introduced into evidence without objection.

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.