Brad TAYLOR *v.* STATE of Arkansas

CA CR 93-7                                                866 S.W.2d 849

Court of Appeals of Arkansas
Division I
Opinion delivered December 8, 1993

*Witt Law Firm, P.C.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Brad Taylor, was convicted in municipal court of the misdemeanor of driving while intoxicated, first offense. He then appealed to circuit court. On the day set for his trial *de novo* in circuit court, appellant failed to appear. The circuit court declined to hold the trial in appellant's absence, dismissed the appeal, and ordered that the municipal court's sentence be put into execution. Appellant appeals from the circuit court's order, contending only that the court erred in denying his attorney's request that appellant be tried *in absentia*. We affirm.

Appellant argues that, because the defendant in a misdemeanor case need not be present in order for his trial to be held, the trial court abused its discretion in not holding his trial despite his absence. Appellant cites only Ark. Code Ann. § 16-89-103(b) (1987) in support of his argument. That code section provides, "If the indictment is for a misdemeanor, the trial *may* be had in the absence of the defendant." (Emphasis added.)

We agree that the statute makes it permissible for a court to hold the trial for an accused misdemeanant *in absentia*. However, we cannot agree that it is mandatory. More than a century ago, this same statute was construed by the supreme court as making it discretionary with the trial court whether to hold such a trial, assuming that the accused consents to waive the right to be present. *See Owen* v. *State*, 38 Ark. 512 (1882). In *Owen*, the appellant was tried and convicted by a justice of the peace of malicious mischief, a misdemeanor. He appealed the conviction to circuit court. As in the present case, the appellant failed to appear for his trial in circuit court. Although his attorney did appear and offer to proceed in the appellant's absence, the circuit court dismissed the appeal for want of prosecution. The supreme court affirmed, holding that, while the circuit court under those circumstances could have allowed the case to proceed to trial in the appellant's absence, it was not legally obliged to do so. The court further stated that holding one's trial in his absence is a practice not to be commended, especially where imprisonment is a possible punishment in the event of a conviction. The supreme court concluded:

On the failure of appellant to appear for trial in the prosecution of his appeal, as he was bound to do, the court might have ordered him brought in on bench warrant or capias. But the court thought proper, on such failure, to dismiss his appeal, which it had the discretion to do, and which left the judgment of the justice standing and to be enforced.

*Owen* v. *State*, 38 Ark. at 513-14. *See also Martin* v. *State*, 40 Ark. 364 (1883); *Bridges* v. *State*, 38 Ark. 510 (1882).

■    Similarly, although appellant's attorney appeared in this case and requested that the trial be held, appellant was absent. Also, as in *Owen*, imprisonment is a possible punishment for the offense with which appellant had been charged. *See* Ark. Code Ann. § 5-65-111(a) (1987). No argument is made that § 16-89-103(b) does not apply or that any other relief, such as a continuance, should have been granted. From our review of the record, we cannot conclude that the circuit court abused its discretion under the statute in declining to hold a trial and leaving the municipal court's judgment intact.

Affirmed.

ROGERS, J., agrees.

COOPER, J., concurs.