Rickey Dee CAGLE *v.* STATE of Arkansas

CA CR 93-1032                              882 S.W.2d 674

Court of Appeals of Arkansas
Division I
Opinion delivered September 14, 1994

*Witt Law Firm, P.C.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant, Rickey Dee

Cagle, was convicted at a jury trial of the misdemeanor of driving while intoxicated, first offense. On appeal to this court, appellant contends that the trial court erred in denying his motion for a continuance made just before trial. We affirm.

The charge against appellant was originally filed in Franklin County Municipal Court. Appellant pleaded nolo contendere and was ordered to pay a fine and court costs totaling $530.00 and to attend both "DWI School" and a driver safety program. Appellant's license was ordered suspended for ninety days. Imposition of any sentence to imprisonment was suspended on written conditions for a period of six months. Appellant then appealed to the Franklin County Circuit Court.

On the day set for appellant's trial *de novo* in circuit court, appellant failed to appear. Appellant's attorney was present and moved for a continuance. Counsel stated that appellant was presently working in Delaware. Counsel stated that, until the preceding afternoon, it had been his understanding that appellant's case was the eighth one scheduled for trial that day. Counsel had advised appellant to stay in Delaware because counsel had assumed that appellant's case would not be called that day and would have to be rescheduled. In fact, all seven of the cases scheduled ahead of appellant's had been settled and appellant's case was the first one called. The court denied the motion for a continuance. Appellant's counsel stated that, in that event, he stood ready for trial. A jury trial was held and appellant was convicted. His sentence was identical to that which had been ordered in municipal court except that the fine and costs were reduced to $370.00, and he was given a suspended sentence of only one day in jail.

On appeal, appellant does not challenge the circuit court's authority to proceed despite appellant's absence and motion for a continuance.[1] Instead, appellant contends only that, under the particular circumstances of this case, it was an abuse of discretion for the trial court to refuse to continue the case until appellant could be present. We cannot agree.

---

[1] Arkansas Code Annotated § 16-89-103 (1987) provides that "[i]f the indictment is for a misdemeanor, the trial may be had in the absence of the defendant." *See Owen* v. *State*, 38 Ark. 512 (1882); *Taylor* v. *State*, 44 Ark. App. 106, 866 S.W.2d 849 (1993). Additionally, Ark. Code Ann. § 16-96-508 (1987) provides that, upon an appellant's failure to appear for his trial *de novo* in circuit court, that court may, unless good cause is shown, simply affirm the inferior court's judgment and order the same penalty imposed in the inferior court. *See Rischar* v. *State*, 307 Ark. 429, 821 S.W.2d 25 (1991).

■■ A motion for a continuance is addressed to the sound discretion of the trial court. *Butler* v. *State*, 303 Ark. 380, 797 S.W.2d 435 (1990). The motion should be granted only upon a showing of good cause and only for so long as is necessary, taking into consideration not only the request or consent of counsel, but also the public interest in prompt disposition of the case. Ark. R. Crim. P. 27.3. The trial court's action will not be reversed absent a clear abuse of discretion amounting to a denial of justice. *Dees* v. *State*, 30 Ark. App. 124, 783 S.W.2d 372 (1990). The burden is on the appellant to establish both prejudice and an abuse of discretion. *Butler* v. *State, supra.*

■ Here, the trial court noted, and no one disputed, that all relevant parties had been notified of the trial date at least two months in advance. The court also noted that the likelihood of a given case being called for trial on its scheduled day, even when several others had been set ahead of it, was very high in light of the large number of cases that ordinarily result in plea agreements. From our review of the record, we cannot conclude that the trial court abused its discretion in denying the motion for a continuance.

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.