34

Charles WHITMIRE *v.* STATE of Arkansas

CA CR 94-768

901 S.W.2d 20

Court of Appeals of Arkansas
Division I
Opinion delivered June 21, 1995

*Jeanne Ann Whitmire*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. This appeal was originally filed in the Arkansas Supreme Court and was transferred to this court.

The appellant was given a traffic citation for violating Ark. Code Ann. § 5-65-103 (Repl. 1993), which makes it unlawful for a person who is intoxicated, or who has a blood alcohol content of 0.10% or more, to be in actual physical control of a motor vehicle.

Appellant was found guilty in the Municipal Court of Prairie Grove, Arkansas, and by a judgment dated September 15, 1993, he was fined $350, plus costs, and his driver's license was suspended for 90 days. No period of incarceration is mentioned in the municipal court judgment, and from a presentence screening report it appears that appellant had not been convicted for DWI within three years prior to this September 15, 1993, judgment.

Therefore, under *Credit* v. *State*, 25 Ark. App. 309, 758 S.W.2d 10 (1988), it seems clear that appellant was convicted of a misdemeanor.

Appellant perfected an appeal to Washington County Circuit Court, and on December 10, 1993, a continuance was granted until March 17, 1994. On March 15, 1994, defense counsel advised the court that she had a health problem, and at counsel's request the case was continued again, but the court advised counsel that the case would be reset within the next ten days or two weeks. It was then — as the trial judge put it — "set immediately" for March 30, 1994.

On the day set for trial, defense counsel filed another motion for continuance which stated that the appellant had gone to Iowa on his job; that the case was set for trial on Wednesday, March 30, 1994; and that defense counsel had received notice of the trial date, only two days before the trial was to be held, by telephone call from the assistant deputy prosecuting attorney. Defense counsel stated in her motion for continuance that she told the prosecutor she was on her way to a hearing and asked that the prosecutor advise the court of defense counsel's failure to receive notice of the trial date and that the defendant was "out of pocket." Upon returning to her office at 5:30 p.m. that day she found this message: "Judge says try case on Wednesday."

At a hearing on Wednesday, March 30, 1994, defense counsel told the trial judge that she was not notified of the trial date until 1:20 Monday afternoon and that appellant was in Iowa working, and she had been unable to contact him. She asked for a continuance, or in the alternative, that appellant be tried *in absentia*. The trial court refused both requests, stating that the case had been continued twice at the request of the defense; that the last time it was continued defense counsel was informed that the case would be reset for trial within ten days or two weeks; and that the case was immediately reset for March 30. As to trying appellant *in absentia* the judge stated:

> [T]he right to confront witnesses is a fundamental right guaranteed to all of our citizens. I think it would be gross error to try your client *in absentia*. I don't think that's permissible within Arkansas law or any other law, for that

matter, so I'm not going to proceed in that regard. I'm dismissing the appeal.

The judge then had the bailiff call for the defendant three times, and when he did not appear the judge instructed the prosecuting attorney to prepare a precedent dismissing the appeal. An order was filed for record on April 7, 1994, which stated that the prosecutor and defense counsel appeared for trial, but the defendant "appearing not" the appeal was dismissed and the order of the lower court was reinstated.

Appellant argues on appeal that, "The trial court erred when it denied appellant's motion for continuance for lack of proper and sufficient notice of the trial date. The court's action denied appellant his constitutional right to due process of law." In support, the appellant cites *Goss* v. *Lopez*, 419 U.S. 565 (1975), and *Rawls* v. *State*, 266 Ark. 919, 587 S.W.2d 602 (1979).

In *Goss* v. *Lopez*, the United States Supreme Court stated:

> There are certain benchmarks to guide us, however. *Mullane* v. *Central Hanover Trust Co.*, 339 U.S. 306, 70 S.Ct. 642, 94 L.Ed. 865 (1950), a case often invoked by later opinions, said that "[m]any controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."

419 U.S. at 578-79.

In *Rawls, supra,* our supreme court reversed and remanded a circuit court affirmance of a municipal court conviction because appellant had not received adequate notice of his trial date. He had been convicted in the Municipal Court of Monticello on April 29, 1977, of driving while intoxicated and perfected an appeal to Drew County Circuit Court. On September 19, 1977, appellant's case was set for trial on September 26, 1977, and appellant was advised to notify his attorney of the trial date. Neither appellant nor his attorney appeared on September 26. The docket reflected no action was taken on appellant's case that day. On September 18, *1978*, the circuit court affirmed appellant's conviction without appellant or his attorney being present.

On January 17, 1979, appellant's attorney received notice of the "call of the docket" scheduled for February 1, 1979, and appellant appeared for trial on that day. However, the judge entered an order remanding the case to municipal court upon finding that his predecessor had affirmed appellant's conviction on September 18, *1978*. On appeal, our supreme court stated:

> While Ark. Stat. Ann. § 44-507 (Repl. 1964) [now Ark. Code Ann. § 16-96-508] authorizes a circuit court to affirm a judgment of a lower court if the appellant fails to appear when his case has been scheduled for trial, due process dictates that appellant be afforded proper notice and an opportunity to be heard in a proceeding involving the deprivation of life, liberty or property. *Renfro* v. *City of Conway*, 260 Ark. 852, 545 S.W.2d 69. Moreover, Ark. Stat. Ann. § 22-311 (1962 Repl) [now Ark. Code Ann. §§ 16-13-206, 207, and 209], requires that interested parties as well as their attorneys receive notice from the clerk of the court of proceedings scheduled; and that time shall be afforded counsel to prepare for trial.
>
> We conclude that the oral notice given by the circuit court to appellant on September 19, 1977, that the case would be tried on September 26, 1977, did not comply with the requirements of Ark. Stat. Ann. § 22-311 (Repl. 1962) and the requirement of due process under the Fourteenth Amendment to the United States Constitution. See: *Goss* v. *Lopez*, 419 U.S. 565 (1975).

266 Ark. at 921-22, 587 S.W.2d at 603.

In the present case, the appellant admits that he had been granted two continuances prior to the one requested on March 30, 1994. He argues, however, that at the continuance granted on March 15, 1994, no definite trial date was set and the judge just said the case would be reset in the next ten days or two weeks. Appellant's counsel contends that even after the case was reset for March 30, 1994, she did not receive notice of this setting until March 28, 1994, when she was notified by a telephone call from the prosecutor's office. She argues that appellant was not properly or adequately notified of his trial date and therefore his right to due process was violated.

We do not agree. Obviously the appellant's attorney had two days notice before the March 30 trial date. However, she knew on March 15 that the case would be reset for a day within ten days or two weeks. Despite the fact that appellant had been given two continuances at his attorney's request, and despite the fact that his attorney knew a new trial setting was imminent, the appellant went to his job in Iowa and there is no reason shown for the attorney's stated inability to contact appellant in Iowa so that he could be present for trial on March 30.

We recognize that in the *Rawls* case, *supra*, the court held that the notice of trial setting did not comply with what is now Ark. Code Ann. § 16-13-209 (Repl. 1994) or with the requirements of due process. However, the present case is unlike the *Rawls* case, and is more like the case of *Harris* v. *State*, 6 Ark. App. 89, 638 S.W.2d 698 (1982), where we said, "Appellant's attorney was certainly aware of the trial date, since he advised the court eight days prior to the trial date that he had been unable to locate his client." In *Harris* we pointed out that in *Rawls* the appellant did not have an attorney at the time his case was set for trial, and we said that what is now Ark. Code Ann. § 16-13-209 only requires notice by the court clerk in those cases where the parties are not required by law to take notice. In the present case the appellant's attorney was present in court when he was advised that the case would be reset for trial within ten days or two weeks. We think the statutory and due process requirements were met in this case.

Moreover, we cannot say that the trial court erred in refusing to grant appellant another continuance on March 30, 1994. The Arkansas Supreme Court set out the rules regarding a continuance in *Goins* v. *State*, 318 Ark. 689, 890 S.W.2d 602 (1995) (substituted opinion) as follows:

> In order to obtain a continuance, the appellant must make a showing of good cause. A motion for a continuance is addressed to the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. The defendant has the burden of proof in demonstrating the abuse of discretion. That burden entails a showing of prejudice.

> . . . .

When a motion for a continuance is based on a lack of time to prepare, this court will consider the totality of the circumstances.

318 Ark. at 696-98, 890 S.W.2d at 605-06. When deciding whether a continuance should be granted, several factors should be considered, including (1) the diligence of the movant, (2) the probable effect of the testimony or evidence, and (3) the relevance of the testimony and the likelihood of procuring the evidence or witness sought. *Wesley* v. *State*, 318 Ark. 83, 883 S.W.2d 478 (1994); *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987).

In *Cagle* v. *State*, 47 Ark. App. 1, 882 S.W.2d 674 (1994), appellant failed to appear for trial and his attorney, who was present, moved for a continuance on the basis that appellant was working out of town. Defense counsel told the court that until the day before trial Cagle's trial was eighth out and that he had advised his client that it would not be tried that day. The motion for continuance was denied and appellant was tried *in absentia* and convicted. On appeal, appellant did not challenge the circuit court's authority to proceed in his absence but contended only that, under the particular circumstances of that case, it was an abuse of discretion for the trial court to refuse to continue the case until appellant could be present. We said:

A motion for a continuance is addressed to the sound discretion of the trial court. The motion should be granted only upon a showing of good cause and only for so long as is necessary, taking into consideration not only the request or consent of counsel, but also the public interest in prompt disposition of the case. The trial court's action will not be reversed absent a clear abuse of discretion amounting to a denial of justice. The burden is on the appellant to establish both prejudice and an abuse of discretion.

47 Ark. App. at 2-3, 882 S.W.2d at 675 (citations omitted).

As to the appellant's *request* to be tried *in absentia* in the present case, in *Taylor* v. *State*, 44 Ark. App. 106, 866 S.W.2d 849 (1993), the appellant had failed to appear for trial, and the circuit judge refused to hold the trial in appellant's absence, dismissed the appeal, and ordered that the municipal court sentence be put into execution. Appellant argued that the court abused

its discretion in not holding the trial despite his absence, but we did not agree. In making our decision we noted that the appellant had cited only Ark. Code Ann. § 16-89-103(b) (1987) in support of his argument and said while that statute made it permissible for a court to hold the trial for an accused misdemeanant *in absentia* (if the accused consents), it was not mandatory. And we cited the century-old case of *Owen* v. *State*, 38 Ark. 512 (1882), in support of our statement and pointed out that it construed the same statute as is now Ark. Code Ann. § 16-89-103(b). Also, we note that in *Elms* v. *State*, 299 Ark. 419, 773 S.W.2d 89 (1989) (the rule that an appellant is not required to be present when a plea of guilty is entered applies in misdemeanor cases where only a fine is imposed), the appellant was opposing the plea made by his counsel without appellant's presence. Here, however, the appellant wanted to be tried *in absentia.*

We might end this opinion at this point, but because of the State's footnote at the point in its brief where the *Cagle* case is cited, and because of the reference to certain statutes in the *Rawls* case, we think it might be helpful to make the following observations.

The *Rawls* case referred to Ark. Stat. Ann. § 44-507 (Repl. 1964), which is now Ark. Code Ann. § 16-96-508 (1987), and the State's brief also makes reference to the same statute. The statute provides, in substance, that where a criminal case has been appealed to circuit court and the appellant fails to appear for trial, or if the appeal has not been perfected by the failure to file the required transcript, the circuit court may — subject to some exceptions — affirm the judgment appealed from and enter the same judgment in circuit court "and the same shall have the same force and effect as other judgments of the circuit court in cases of convictions or indictments for misdemeanors."

Of course in the instant case, the circuit court simply dismissed the municipal court appeal. The extent of this distinction is not an issue in this appeal; however, we point out that in a number of cases the circuit court has only dismissed the appeal as did the court in the instant case. *See Owen* v. *State, supra; Sheridan* v. *State,* 239 Ark. 322, 389 S.W.2d 232 (1965); and *Ottens* v. *State,* 316 Ark. 1, 871 S.W.2d 329 (1994). And in *Wilson* v. *C &.M Used Cars,* 46 Ark. App. 281, 878 S.W.2d 427

(1994), we held that the circuit court's dismissal of the municipal court appeal "simply did away with the appeal and left the municipal court judgment valid and enforceable." 46 Ark. App. at 286, 878 S.W.2d at 430. Although *Wilson* was a civil case, our supreme court has held that Inferior Ct. R. 9, which provides the method of appeal from municipal court to circuit court, is applicable to both criminal and civil cases. *See Ottens v. State, supra.*

Affirmed.

COOPER and ROBBINS, JJ., agree.